William J. NOLL, Appellant,

v.

Joseph PETROVSKY, Warden, MCFP;
Dr. Clawson, MCFP; Dr. Stanley
Nelson, MCFP, Appellees.

No. 87–1146.

United States Court of Appeals,
Eighth Circuit.

Submitted June 30, 1987.

Decided Sept. 8, 1987.

William J. Noll, pro se.

Michael A. Jones, Asst. U.S. Atty.,
Springfield, Mo., for appellee.

Before ARNOLD, Circuit Judge,
ROSS, Senior Circuit Judge, and
MAGILL, Circuit Judge.

PER CURIAM.

William J. Noll appeals pro se from the district court's [1] order granting summary judgment in favor of appellees. We affirm.

Noll was incarcerated at the United States Medical Center for Federal Prisoners at Springfield, Missouri (Medical Center).[2] He filed this *Bivens*-type action un-

---

1. The Honorable Russell G. Clark, Chief Judge, United States District Court for the Western District of Missouri.

2. During the pendency of this appeal, Noll was transferred to the United States Penitentiary in Terre Haute, Indiana.

der the eighth amendment[3] against Joseph Petrovsky, Warden of the Medical Center; Dr. James W. Clawson, Chief of Health Programs at the Medical Center; and Dr. E. Stanley Nelson, Chief of Medicine at the Medical Center. Noll alleged that he received inadequate medical care at the Medical Center following his surgery on June 27, 1985, at a community hospital, and that he suffered various complications as a result. Specifically, Noll asserted that because Dr. Nelson either ignored Noll's complaints or failed to provide treatment, Dr. Nelson failed to exercise the medical skills, knowledge, and abilities ordinarily possessed and exercised by physicians in similar situations. Noll alleged that the other two defendants were liable because of Dr. Nelson's conduct.

The district court granted appellees a partial protective order from discovery pending disposition of appellees' motion for summary judgment. The court required Noll to obtain leave of court before serving discovery requests upon appellees. Several months later, the district court granted appellees' motion for summary judgment. As to Petrovsky and Dr. Clawson, the court reasoned that the doctrine of respondent superior was inapplicable to a *Bivens*-type action and that Noll had failed to show that either Petrovsky or Dr. Clawson were personally involved in Noll's medical care. As to Dr. Nelson, the court reasoned that Noll had failed to show facts of deliberate indifference, a requisite for a constitutional claim. This appeal followed.

■ On appeal, Noll first argues that the district court erred by not postponing its ruling on the motion for summary judgment until Noll had a reasonable opportunity to conduct adequate discovery. The district court gave Noll repeated notices that it intended to rule on the motion for summary judgment and that it was Noll's burden to rebut the defendants' evidence. Moreover, the district court gave Noll a reasonable opportunity to respond, including an extension of time. Noll neither challenged the district court's limitations on his ability to exercise his discovery rights as imposed in the protective order, nor sought discovery pursuant to its terms. Accordingly, we conclude that the district court did not abuse its discretion in ruling on the summary judgment motion when it did. *See Cassidy, Inc. v. Hantz,* 717 F.2d 1233, 1235 (8th Cir.1983) (per curiam).

Noll also argues that the district court erroneously granted summary judgment in favor of the defendants. Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). To preclude the entry of summary judgment, the nonmovant must show that, on an element essential to his case and on which he will bear the burden of proof at trial, there are genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

■ An element of Noll's case against Dr. Nelson is that Dr. Nelson was deliberately indifferent to Noll's serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). However, Noll has only shown, both below and on appeal, that another physician in the same circumstance might have ordered different tests and treatment. This evidence raises questions of medical judgment; it does not show deliberate indifference. *See id.* at 107, 97 S.Ct. at 292. Thus, the district court correctly entered summary judgment in favor of Dr. Nelson.

■ Because there is no liability based on the doctrine of respondeat superior in a *Bivens*-type action, *Laswell v. Brown,* 683 F.2d 261, 268 (8th Cir.1982), *cert. denied,* 459 U.S. 1210, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983), an essential element of Noll's case against Petrovsky and Dr. Clawson is that they were actively involved in the alleged constitutional violation. Noll, however, failed to show that either of these

**3.** In *Carlson v. Green,* 446 U.S. 14, 20–23, 100 S.Ct. 1468, 1472–74, 64 L.Ed.2d 15 (1980), the Supreme Court, relying upon *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcot-* *ics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), recognized an implied cause of action for damages against federal employees directly under the eighth amendment.

parties were deliberately indifferent to Noll's medical needs.

Accordingly, the judgment of the district court is affirmed.