**Willie M. WARD, Plaintiff,**

v.

**Denis DOWD, et al., Defendants.**

**No. 88–1234C(6).**

United States District Court,
E.D. Missouri.

March 8, 1989.

**418**

Willie M. Ward, Farmington, Mo., pro se.

William B. Beedie, Farmington, Mo. (Appointed), for plaintiff.

Robert J. Krehbiel, Evans & Dixon, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

GUNN, District Judge.

Plaintiff brings this Title 42 U.S.C. § 1983 action alleging deprivation of his right to be free from cruel and unusual punishment. Specifically, plaintiff contends that he suffers persistent head and neck pain which is the result of an injury he sustained while riding on a correctional institution bus. Defendants, plaintiff further alleges, have failed to cure this pain, in spite of the numerous times they have treated him. As a consequence, plaintiff contends that defendants—treating physicians and nurses—have exhibited deliberate indifference to his serious medical needs.

The Court, in this bench tried case, finds no merit to plaintiff's claims and renders judgment for defendants.

The following findings of fact and conclusions of law are issued pursuant to Fed. R.Civ.P. 52(a).

Plaintiff is a prisoner currently confined in a Missouri State Facility in Tipton, Missouri. On July 2, 1987 while plaintiff was being transported to the State Correctional Center at Farmington, Missouri, the bus on which he was riding stopped suddenly to avoid colliding with another vehicle that was entering the highway. As a result plaintiff contends that he struck his head against the back of a seat causing headaches and tightness of his neck muscles. On July 2, 1987, the same day of his initial complaint, plaintiff was treated at the Farmington Correctional Center's medical treatment facility and given pain medication. On October 27, 1987, plaintiff aggravated his condition when lifting a foot locker.

From July 2, 1987, plaintiff has received treatment on no less than 30 separate occasions. He has been treated twice by defendant Gary Parker, a board certified physician. Defendant Cap Chung, also a board certified physician, has treated plaintiff at least seven times. He has been x-rayed on several occasions, and was sent to the University of Missouri medical facility in Columbia, Missouri for x-rays and medical consultation.

Plaintiff contends that though he sought treatment by an orthopedic surgeon, he did not receive such consultation until January 20, 1988. Plaintiff missed an earlier appointment for such consultation. The credible evidence is that although plaintiff was advised that he should be seen by an orthopedic specialist, he insisted on a chiropractor. There were seven separate orders by Farmington physicians for orthopedic consultations for plaintiff.

The credible medical expert testimony in this case is that plaintiff has mild degenerative arthritis, with treatment therefor hampered by narcotic drug withdrawal problems. The treatment which plaintiff has received for his complaint is the only possible treatment that can be given. On a continuing basis, plaintiff has been given the medications Motrin, INH, Pyridoxine, E CASA, Tylenol, Clinovil, Phenaphen and Elavil. Light work duty and no work duty have been ordered for him, in addition to medications. Other medications cannot be utilized because of plaintiff's past problems with narcotics (PCP and cocaine). Moreover, x-rays and other tests indicate no physical infirmity persists which is amenable to treatment.

Plaintiff has been given proper medical attention and treatment. According to

competent medical testimony, including an independent medical appraisal by plaintiff's personal physician, plaintiff has no serious medical condition. Medical treatment or consultations in addition to those which have been given would be of no benefit to him. There is no merit to plaintiff's grievance that he has not received proper medical care.

To succeed in his claim, plaintiff must prove by a preponderance of the evidence that defendants have been deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). At most, plaintiff has demonstrated a dissatisfaction with doctors' treatment. Even had plaintiff presented other medical expert testimony endorsing some different treatment, the mere fact that medical opinions may differ as to proper treatment does not amount to a § 1983 claim. *Noll v. Petrovsky*, 828 F.2d 461, 462 (8th Cir.1987); *Randall v. Wyrick*, 642 F.2d 304, 308 (8th Cir.1981). Plaintiff has failed completely in his proof.

Plaintiff has no serious medical problem. He has received proper medical care. He has no legitimate grievance.

Judgment for defendants.