991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Steven R. WYCOFF, Appellant,
v.
Crispus C. NIX; John Emmett; Dr. Blackwell; Debbie
Nichols, Appellees.
 No. 92-3062.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 16, 1993.
Filed: April 22, 1993.
 
 Before McMILLIAN and BEAM, Circuit Judges, and SACHS,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Steven R. Wycoff, an Iowa State Penitentiary (ISP) inmate, brought this action under 42 U.S.C. § 1983 alleging that the named ISP officials and Dr. Blackwell, a former ISP physician, subjected him to cruel and unusual punishment in violation of the Eighth Amendment by refusing to accommodate his request to wear high-top athletic shoes as a treatment for his arthritis. Wycoff appeals the decision of the district court[1] granting the ISP officials and Dr. Blackwell summary judgment.
 
 
 2
 The magistrate judge described the stipulated facts in detail. See Wycoff v. Nix, No. 4-91-CV-20207, Memorandum Opinion at 1-3 (S.D. Iowa Aug. 3, 1992). We repeat only those facts necessary for our decision. Wycoff has suffered from arthritis for approximately six years. ISP officials accommodated his request to wear high-top shoes from 1986 until his transfer to the Missouri State Penitentiary in 1990. Upon his return to Iowa, however, the ISP officials, citing security concerns, confiscated Wycoff's high-top shoes. ISP guidelines do not permit medical treatments that contravene security policies unless the treatments are medically necessary.
 
 
 3
 Dr. Blackwell, then an ISP physician, examined Wycoff in February of 1991, and later referred him to the University of Iowa Hospitals and Clinics for a second opinion. In a letter to ISP officials dated April 2, 1991, the University of Iowa physician who examined Wycoff recommended that he take aspirin and wear high-top shoes to alleviate the pain associated with his arthritis. The letter stated, however, that high-top shoes were not medically necessary. Based upon the opinion letter from the University of Iowa physician and his own medical opinion, Dr. Blackwell concluded that high-top shoes were not a necessary medical treatment for Wycoff's arthritis. Accordingly, the ISP officials refused Wycoff's request since use of high-top shoes contravened prison security policies.
 
 
 4
 Subsequently, Dr. Blackwell's successor acquiesced to Wycoff's demands and authorized high-top shoes to assuage Wycoff's complaints, although he also found that the shoes were not medically necessary. Wycoff seeks compensatory and punitive damages for his pain during the time he was not allowed to wear his high-top shoes, and a permanent injunction to ensure that he will be permitted to wear them for the remainder of his prison sentence.
 
 
 5
 In order for Wycoff to prevail on his Eighth Amendment claim, he must demonstrate "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). We agree with the magistrate judge that the stipulated facts do not indicate that the ISP officials or Dr. Blackwell were deliberately indifferent to Wycoff's condition or that Wycoff's arthritis constituted a serious medical need for high-top shoes.
 
 
 6
 Wycoff claims that Dr. Blackwell was indifferent to his medical needs because he conducted only a general examination and did not specifically examine Wycoff for arthritis. Dr. Blackwell's decision to seek a second opinion belies Wycoff's contention of deliberate indifference. Wycoff's disagreement with Dr. Blackwell's choice of treatment, which treatment was consistent with the second opinion, does not establish deliberate indifference. See White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988); Noll v. Petrovsky, 828 F.2d 461, 462 (8th Cir. 1987), cert. denied, 484 U.S. 1014 (1988).
 
 
 7
 The stipulated facts also do not support the conclusion that Wycoff had a serious medical need for high-top shoes. A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or if it is so obvious that even a lay person would recognize the necessity for a physician's attention. Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981). All of the physicians who examined Wycoff in relation to this case have concluded that high-top shoes are not a medically necessary treatment for his arthritis.[2] Wycoff does not suggest that a lay person would disagree with these professional evaluations. The fact that ISP allowed Wycoff to wear high-top shoes in the past does not demonstrate that he has a serious medical need for them in light of the stipulated facts.
 
 
 8
 Finally, ISP officials in this case have not forced Wycoff to endure any pain unnecessarily. We recognize that ISP may have legitimate security concerns about allowing inmates to wear clothing, such as high-top shoes, that is conducive to concealing weapons and other contraband. We will not interfere with ISP's judgment in limiting medical exceptions to its security policies to those that are absolutely necessary.
 
 
 9
 Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 The HONORABLE HOWARD F. SACHS, Senior United States District Judge for the Western District of Missouri, sitting by designation
 
 
 [1]
 The parties consented to proceed before a United States magistrate judge pursuant to 28 U.S.C. § 636(c). The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa, Central Division, issued the memorandum opinion in this case
 
 
 [2]
 Although the University of Iowa physician recommended use of high-top shoes in addition to aspirin, he noted that this was not medically necessary. Wycoff's assertion that the University of Iowa physician "prescribed" high-top shoes for his condition is simply incorrect