12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Timothy Lee SMITH, Appellant,
v.
Michael GROOSE; John Doe, CO I; Sgt. Bright, Appellees.
 No. 93-2492.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 5, 1993.
Filed: December 7, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Timothy Lee Smith, a Missouri inmate, appeals from the district court's[1] entry of summary judgment in favor of defendants in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Smith named as defendants Jefferson City Correctional Center Superintendent Michael Groose, Correctional Officer John Doe, and Property Room Supervisor Sergeant Bright. He claimed that they denied him meaningful access to the courts by seizing and discarding his criminal trial transcript and file during the pendency of his post-conviction proceedings challenging his thirty-year state sentence. Smith sought damages and replacement of his legal materials.
 
 
 3
 Defendants denied the allegations, asserted various defenses, and asked the court to dismiss the complaint. They then moved for summary judgment, arguing that Smith had failed to allege facts necessary to sustain a claim for relief under section 1983, and that they were entitled to qualified immunity. Defendants attached Exhibit A, which they described as a search log indicating that nothing was taken from Smith's cell.
 
 
 4
 Smith responded that he was prejudiced by the denial of his legal materials because, without them, he could not exhaust his state remedies by pursuing Missouri Supreme Court Rule 91 relief, and he could not seek federal habeas review under 28 U.S.C. Sec. 2254. In an accompanying affidavit, Smith attested that two unidentified correctional officers searched his cell and seized the legal file and trial transcript pertaining to the state conviction for which he is presently incarcerated and which he was actively attacking pursuant to Rule 91; one of these officers told Smith that the legal materials had been taken on Superintendent Groose's order and would be turned over to Sergeant Bright. Smith further attested that he had not seen his legal materials since they were seized. In another affidavit, inmate Max Simpson attested that Smith's cell was searched by unidentified officers, one of whom Simpson saw holding "a large clasp envelope with inmate Smith's name and register number written in bold print across the front of it," and that a second officer handed to the first "what appeared to [Simpson] to be a State Trial Transcript also bearing inmate Smith's name" and the words "vs. State of Missouri" on its face. Simpson further attested that he heard one of these officers tell Smith that his legal file and transcript were seized on Groose's order, the materials would be given to Bright once the cell searches ended, and Smith would receive a receipt.
 
 
 5
 Defendants replied that Smith had failed to show prejudice, failed to show how Groose and Bright were personally involved in the alleged constitutional deprivation, and failed to show an intentional violation of his constitutional rights. In an accompanying affidavit, Groose attested he did not order that Smith's legal materials be "stolen or lost" on the day of the search, and the search log indicated that no property was confiscated from Smith's cell. Smith responded that defendants' motion should be treated as a motion to dismiss because the motion was based solely on the pleadings.
 
 
 6
 The magistrate judge[2] reviewed the motion for summary judgment and the responses and found that Smith had not shown that he was prejudiced in any court case by the loss of his legal materials. Further, the magistrate judge found that Smith had not alleged facts showing the confiscation of his property was unconstitutional, because defendants had the right to confiscate and place excess property in the property room as Groose apparently ordered the searching officers to do. Finally, Smith did not show that he was denied due process, because there were adequate state post-deprivation remedies through which he could seek compensation for his loss. The magistrate judge noted that defendants were not entitled to qualified immunity in this case because the law relating to access to the courts was clearly established. Smith objected to the magistrate judge's report. The district court adopted the report and granted summary judgment in favor of defendants.
 
 
 7
 In this timely appeal, Smith argues that the district court erred in granting summary judgment because (1) a genuine issue of material fact existed; (2) his due process claim involved a denial of meaningful access to the courts (a substantive right), rather than a deprivation of property without procedural due process; and (3) the district court should have treated defendants' motion as a motion to dismiss because it was based solely on the pleadings.
 
 
 8
 We reject Smith's third argument, because we note that in conjunction with the summary judgment motion, defendants submitted a "search log" and Groose's affidavit, and Smith submitted two affidavits. This court reviews de novo the ruling on a motion for summary judgment. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Noll v. Petrovsky, 828 F.2d 461, 462 (8th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1014 (1988). To avoid the entry of summary judgment, the non-moving party must show on every essential element of his claim that there are issues of material fact. Noll, 828 F.2d at 462.
 
 
 9
 An inmate has a constitutional right to meaningful access to the courts. Berdella v. Delo, 972 F.2d 204, 209 (8th Cir. 1992). "Prison officials may not deny or obstruct an inmate's access to the courts to present a claim." McMaster v. Pung, 984 F.2d 948, 953 (8th Cir. 1993). The taking of a prisoner's legal papers violates the Constitution if the taking interferes with the inmate's presentation of his claim in court, Tyler v. "Ron" Deputy Sheriff, 574 F.2d 427, 429 (8th Cir. 1978) (per curiam), but a successful denial-of-access claim requires a showing of prejudice. Berdella, 972 F.2d at 210. Smith alleged in a conclusory fashion that he was prejudiced by the denial of his legal materials during his attempt to exhaust his state remedies. We note that, prior to the alleged taking, Smith's Missouri Supreme Court Rule 29.15 motion for post-conviction relief was denied, and the judgment was affirmed on appeal. Smith v. State, 805 S.W.2d 219 (Mo. App. 1991) (per curiam). Smith has made no showing that the alleged taking in fact obstructed him from presenting any particular claim in a Rule 91 or federal habeas petition. Cf. Bell v. Lockhart, 2 F.3d 293, 299 (8th Cir. 1993) (because unavailability of trial records did not prevent presentation of claim, absence of transcript did not constitute sufficient cause to excuse procedural default).
 
 
 10
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri