57 F.3d 1074
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Amit KAPOOR, by and through his father Dr. Adarsh K. Kapoor, Appellant,
v.
SECRETARY OF DEPARTMENT OF STATE; Regional Director Chicago
Passport Agency, Appellees.
 No. 95-1182.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1995.
Filed: June 13, 1995.
 
 Before BOWMAN, WOLLMAN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Amit Kapoor appeals the district court's[1] dismissal of his action alleging his due process rights were violated when he was denied a passport for forty-one months. We affirm.
 
 
 2
 Kapoor filed a pro se amended complaint against the Secretary of State of the United States (Secretary) seeking to hold the Secretary liable for damages in his capacity as "chief supervisor" of the passport agency, responsible for the "actions of [his] agents." In the body of his complaint, Kapoor identified three of the Secretary's "employees," with whom he dealt in his efforts to obtain a passport. The district court dismissed the action and denied Kapoor's second motion to amend his complaint to add the "employees" as defendants, advising Kapoor that any claim against the parties he sought to join as defendants should be made in a separate lawsuit. Kapoor appeals.
 
 
 3
 The district court properly dismissed Kapoor's complaint for failure to state a claim because he did not allege the Secretary actually participated in the alleged violations, but merely sought to hold the Secretary liable under a respondeat superior theory. See Noll v. Petrovsky, 828 F.2d 461, 462 (8th Cir. 1987) (per curiam) (respondeat superior unavailable in Bivens actions; only federal officials who were actively involved subject to suit), cert. denied, 484 U.S. 1014 (1988). The references made in the body of Kapoor's complaint to the "employees" did not sufficiently indicate that they were intended as defendants. See Edgington v. Missouri Dep't of Corrections, No. 94-2465, slip op. at 3, 1995 WL 232609, at * 1 (8th Cir. Apr. 21, 1995) (although pro se complaints liberally construed, complaints seeking damages against governmental officials subject to heightened standard of pleading).
 
 
 4
 Furthermore, the district court did not abuse its discretion in denying Kapoor a second leave to amend. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (standard of review; plaintiff could file any new claims he might have against other defendants in separate action rather than amending complaint to include in instant action), cert. denied, 114 S. Ct. 209 (1993); Topalian v. Ehrman, 954 F.2d 1125, 1139 (5th Cir.) (district courts afforded great discretion in controlling their dockets; given plaintiff's previous opportunity, denial of second motion to amend not abuse of discretion), cert. denied, 113 S. Ct. 82 (1992).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa