209 F.Supp.2d 993 (2002)
Raymond T. BIRTON, Plaintiff,
v.
WAL-MART, INC., Defendant.
No. 4:01-CV-118.
United States District Court, E.D. Missouri, Eastern Division.
May 10, 2002.
*994 Clifford B. Faddis, Jr., St. Louis, MO, for plaintiff.
Mark J. Bremer, Jennifer L. Forsythe, Kohn and Shands, St. Louis, MO, Linda Annette Whittaker, Bentonville, AR, for defendant.

MEMORANDUM AND ORDER
SIPPEL, District Judge.
This matter is before the Court on Wal-Mart's motion for summary judgment. Wal-Mart asks this Court to find as a matter of law that Wal-Mart did not violate the Americans with Disabilities Act and the Missouri Human Rights Act when Wal-Mart fired Raymond Birton. The facts and the reasonable inferences that could be drawn from those facts are disputed by the parties.
Wal-Mart apparently knew that Birton had been diagnosed with short-term and long-term memory deficits. The jury in this case will have to decide what Wal-Mart knew about Birton's disabilities, what accommodations were requested or were appropriate under the circumstances, whether Wal-Mart made reasonable efforts to accommodate Birton's disabilities and whether Burton could perform the essential functions of the job. Summary judgment for Wal-Mart on the ADA and MHRA claims will be denied.
Wal-Mart is, however, entitled to summary judgment on Birton's service latter claims because Birton did not specifically request a service letter as defined in the statute in his request for a letter upon termination.

I. Facts
Plaintiff Raymond Birton was hired by Wal-Mart Stores on October 27, 1998 as a "peak time" stockman and cart gatherer at a Wal-Mart store in Ferguson, Missouri. When he was hired, Birton signed a letter indicating his understanding that "[a]ll new associates are on a 90-day New Hire period" and that "[a] reduction in the number of hourly associates may be necessary once a new store has been opened, or after peak business seasons."
While employed at Wal-Mart, Birton had a number of performance problems. According to his immediate supervisor, Roxanne Young, Birton often failed to wear his orange safety vest, often brought too few or too many carts at a time from the parking lot into the store, often neglected to gather the carts together, often visited with people instead of working, often failed to respond to intercom calls, and often did not clock in and out correctly.
*995 As a result of Birton's failure to clock in and out properly, his paychecks were incorrect. Noting the inaccuracies, Birton's mother, Debra Brown, approached the Personnel Manager at the store and presented her with a letter from Birton's pediatrician stating that Birton had been diagnosed with short and long term memory deficits due to a head injury that had occurred in 1996. Brown requested that Wal-Mart accommodate Birton's disability by adjusting his paychecks to accurately reflect the hours he had worked and by reminding him to clock in and out. Neither Birton nor Brown disclosed any further disability or requested any further accommodation.
In response to Brown's request, Wal-Mart made efforts to accommodate Birton's disability. Young testified that she regularly walked Birton to the time clock to make sure he clocked in and out and personally wrote out Birton's schedule for him or allowed his mother to do so. Likewise, Angie Kemper, a personnel employee, testified that the personnel department consistently adjusted Birton's time and corrected his paychecks when necessary. Kemper also reported that she made a point of asking Birton if he had clocked in and out.
Sometime on or after January 15, 1999, Birton was terminated by Vernon Suemnicht, an Assistant Manager at the store. According to the Exit Interview forms prepared by Suemnicht and Birton's supervisor, Birton was terminated in part due to a reduction in work force and in part because of his substandard job performance.
Following the termination of his employment with Wal-Mart, Birton brought suit against Wal-Mart on three counts. Birton contends that Wal-Mart discriminated against him on the basis of his disability by terminating his employment in violation of 1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and 2) the Missouri Human Rights Act ("MHRA"), § 213.010 R.S.Mo., et seq. Birton also alleges 3) that Wal-Mart failed to provide him with a service letter in violation of the Missouri Service Letter Statute, § 290.140 R.S.Mo.
Wal-Mart now brings this motion for summary judgment, arguing that it is entitled to judgment as a matter of law on Birton's ADA, MHRA, and Service Letter Statute claims. Specifically, Wal-Mart maintains that there are no genuine issues of material fact with regard to whether it failed to reasonably accommodate Birton after learning of his disability, terminated Birton because of his disability, and/or failed to provide Birton with a service letter in violation of § 290.140 R.S.Mo.

II. Legal Standard for Summary Judgment
When considering a motion for summary judgment, the Court must determine whether the record, when viewed in the light most favorable to the non-moving party, shows any genuine issue of material fact. Fed.R.Civ.P. 56(c). See generally, Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party seeking summary judgment bears the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex, 477 U.S. at 322, 106 S.Ct. 2548. There is, however, no express or implied requirement in Rule 56 that the moving party must support its motion with affidavits or other materials negating the opponent's claim. Id. The burden is not on the moving party to produce evidence showing the absence of a genuine issue of *996 material fact, even with respect to an issue on which the nonmoving party bears the burden of proof. Id. at 325, 106 S.Ct. 2548. Instead, "the burden on the moving party may be discharged by `showing'  that is, pointing out to the district court  that there is an absence of evidence to support the nonmoving party's case." Id. As long as the record before the court demonstrates that there is no genuine issue of material fact, summary judgment should be granted. Id. at 323, 106 S.Ct. 2548.
When faced with a motion for summary judgment meeting the standard set forth above, the non-moving party may not rest upon the mere allegations or denials of its pleadings alone, but must introduce affidavits, depositions, answers to interrogatories, or admissions on file designating specific facts showing that there is a genuine issue of material fact for trial. Celotex, 477 U.S. at 324, 106 S.Ct. 2548; Jetton v. McDonnell Douglas, Corp., 121 F.3d 423, 427 (8th Cir.1997); Noll v. Petrovsky, 828 F.2d 461, 462 (8th Cir.1987). Further, a plaintiff facing a motion for summary judgment must designate specific facts showing a genuine issue of material fact on each essential element of his claim. Id.

III. Discussion

A. Birton's ADA and MHRA Claims
Title I of the ADA, prohibits employers from discriminating against
a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.
42 U.S.C. § 12112.
An employer unlawfully discriminates against a disabled employee if the employer fails to make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose undue hardship on the operation of the business of [the employer]. Fjellestad v. Pizza Hut of Am., Inc., 188 F.3d 944, 951 (8th Cir.1999) (quoting 42 U.S.C. § 12112(b)(5)(A)).
Thus, to establish a prima facie case of discrimination under the ADA, a plaintiff must show that 1) he is disabled as defined by the ADA; 2) he is qualified to perform the essential functions of his job with or without reasonable accommodation; and 3) he suffered an adverse employment action due to his disability. Darby v. Bratch, 287 F.3d 673, 2002 WL 535095 (8th Cir.2002); Fjellestad, 188 F.3d at 948. The employee at all times retains the burden of persuading the trier of fact that he has been the victim of illegal discrimination due to his disability. Benson v. Northwest Airlines, 62 F.3d 1108, 1112 (8th Cir.1995). However, once the plaintiff makes "a facial showing that reasonable accommodation is possible," the burden of production shifts to the employer to show that it is unable to accommodate the employee. Id.; Mason v. Frank, 32 F.3d 315, 318-19 (8th Cir. 1994).
In this case, Wal-Mart does not dispute that Birton is disabled as defined by the ADA. The parties disagree, however, as to whether Birton is qualified to perform his job with or without reasonable accommodation. Where, as here, the necessary accommodation is "not open, obvious, and apparent to the employer," the initial burden lies with the employee to request a reasonable accommodation. Burke v. Iowa Medical Center, 28 Fed. Appx. 604, 607 (8th Cir.2002); Wallin v. Minn. Dep't of Corr., 153 F.3d 681, 689 (8th Cir.1998). Once the disabled employee *997 has requested an accommodation, the scope of the employer's obligation to provide such accommodation is determined through an informal, interactive process engaged in by both employer and employee. Burke, 28 Fed.Appx. at 607; Ballard v. Rubin, 284 F.3d 957, 960 (8th Cir.2002).
In this case, it is undisputed that Birton informed Wal-Mart only that he had trouble remembering to clock in and out and requested only that Wal-Mart assist him in remembering to do so. After engaging in an interactive process with Birton and his mother wherein the parties identified the disability and discussed possible accommodations to overcome the limitation, Wal-Mart took steps to accommodate Birton's disability. Specifically, Wal-Mart employees frequently reminded Birton to clock in and out, regularly wrote down his schedule for him, and adjusted his paychecks when necessary to accurately reflect the hours he had worked.
Wal-Mart argues that despite its attempts to reasonably accommodate Birton's disability, Birton was not qualified to perform the essential functions of his job. Therefore, Wal-Mart concludes, Birton cannot establish a prima facie case of disability discrimination and Wal-Mart is entitled to judgment as a matter of law. Birton, however, contends that his disability extended beyond not remembering to clock in and out and argues that Wal-Mart's failure to make reasonable accommodations to his limitations renders Wal-Mart liable under the ADA.
As discussed above, the ADA requires only that an employer make reasonable accommodations to the known physical or mental limitations of an otherwise qualified disabled employee. To recover under the ADA, therefore, an employee must show that his employer had knowledge not only of his alleged disability, but also of the precise limitations resulting from his physical or psychological condition. Miller v. National Casualty Company, 61 F.3d 627, 629 (8th Cir.1995) ("Before an employer must make accommodation for the physical or mental limitation of an employee, the employer must have knowledge that such a limitation exists.").
The ADA does not require that an employer "speculate as to the extent of the employee's disability or the employee's need or desire for an accommodation." Gantt v. Wilson Sporting Goods Co., 143 F.3d 1042, 1046-1047 (6th Cir.1998). Rather, the ADA generally burdens the disabled employee with the responsibility of apprising the employer of any and all physical or psychological limitations. Mole v. Buckhorn Rubber Products, 165 F.3d 1212, 1217 (8th Cir.1999). The employer cannot be expected to "read [the employee's] mind and know [he or she] secretly wanted a particular accommodation." Id. at 1218, citing Ferry v. Roosevelt Bank, 883 F.Supp. 435, 441 (E.D.Mo.1995).
However, the United States Court of Appeals for the Eighth Circuit has recognized that the absence of an express and unequivocal request is not necessarily fatal to a failure-to-accommodate claim. Ballard v. Rubin, 284 F.3d 957, 961 (8th Cir. 2002). "What matters ... are not formalisms about the manner of the request, but whether the employee or a representative for the employee provides the employer with enough information that, under the circumstances, the employer can be fairly said to know of both the disability and desire for an accommodation." Id., citing Taylor v. Phoenixville School District, 174 F.3d 142, 159 (3rd Cir.1999).
The Court finds that, in this case, there is a genuine issue of material fact with regard to whether Birton or his mother provided Wal-Mart with enough information that Wal-Mart can be fairly said to know of both the nature and extent of Birton's disability and his desire for an *998 accommodation. Although Birton and his mother informed Wal-Mart only of one limitation (namely, that Birton had difficulty remembering to clock in and out) and requested only that Wal-Mart accommodate this particular limitation, Birton and his mother also disclosed the nature of Birton's disability to the personnel manager at the Ferguson store, Birton's immediate supervisor, and others. Moreover, Birton's colleagues noticed that Birton not only had difficulty in remembering to clock in and out, but also forgot to bring in shopping carts, failed to respond to intercom calls, and often had trouble remembering what to do. Although, indeed, "mere knowledge of the alleged symptoms or effects of a disability alone is insufficient to establish knowledge of the disability," Hamm v. Runyon, 51 F.3d 721, 725 (7th Cir.1995), viewing the facts in the light most favorable to the plaintiff, Birton's colleagues, in fact, suspected that his other performance problems were related to his disability. A reasonable finder of fact could therefore conclude that because Wal-Mart knew of Birton's disability and was aware of his other performance problems at work, Wal-Mart can fairly be said to have known that Birton's disability caused further limitations and that Birton desired further accommodation.
Because a reasonable finder of fact could conclude that Wal-Mart knew of Birton's further limitations and thus became obligated to provide Birton with reasonable accommodation, this Court finds that Wal-Mart is not entitled to judgment as a matter of law on Birton's ADA and MHRA claims. Wal-Mart's motion for summary judgment on Birton's ADA and MHRA claims is denied.

B. Birton's Service Letter Claim
The Missouri Service Letter Statute, § 290.140 R.S.Mo. provides as follows:
1. Whenever any employee of any corporation doing business in this state and which employs seven or more employees, who shall have been in the service of said corporation for a period of at least ninety days, shall be discharged or voluntarily quit the service of such corporation and who thereafter within a reasonable period of time, but not later than one year following the date the employee was discharged or voluntarily quit, requests in writing by certified mail to the superintendent, manager or registered agent of said corporation, with specific reference to the statute, it shall be the duty of the superintendent or manager of said corporation to issue to such employee, within forty-five days after the receipt of such request, a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service.
2. Any corporation which violates the provisions of subsection 1 of this section shall be liable for compensatory but not punitive damages but in the event that the evidence establishes that the employer did not issue the requested letter, said employer may be liable for nominal and punitive damages; but no award of punitive damages under this section shall be based upon the content of any such letter (emphasis added).
§ 290.140 R.S.Mo.
Birton argues that, by the terms of § 290.140 R.S.Mo., he was entitled to receive a service letter from Wal-Mart. Wal-Mart counters that Birton failed to comply with the statute by neglecting to *999 make specific reference to the statute in his request for a letter upon termination.
The plain language of the Service Letter Statute requires that a discharged employee make specific reference to the statute when requesting a letter from his employer. In Bartareau v. Executive Business Products Inc., 846 S.W.2d 248 (Mo.App. 1993), the Missouri Court of Appeals addressed the statutory requirements of the service letter statute and concluded that literal compliance with the express language of the statute was required. Because the Court finds that there is no genuine issue of material fact with regard not only to whether Birton specifically mentioned the statute in his request for a letter to Wal-Mart, but also to whether Birton had worked for Wal-Mart a period of at least 90 days, Wal-Mart is entitled to judgment as a matter of law on Birton's claims under § 290.140 R.S.Mo.

IV. Conclusion
Because the Court finds that a rational finder of fact could determine that Wal-Mart failed to make reasonable accommodations to the known physical or mental limitations of Birton, Wal-Mart's motion for summary judgment will be denied. Because, however, the Court finds that Birton failed to make specific reference to the Missouri Service Letter Statute in his request for a letter upon termination, Wal-Mart is entitled to judgment as a matter of law on Birton's § 290.140 R.S.Mo. claim. Summary judgment will therefore be denied in part and granted in part.
Accordingly,
IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED as to Plaintiff's ADA and MHRA claims.
IT IS FURTHER ORDERED that Defendant's motion for summary judgment is GRANTED as to Plaintiff's § 290.140 R.S.Mo. claim.