# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-1904

_____

Arthur Triplett

*Plaintiff - Appellee*

v.

Charles Palmer, Director; Jason Smith, Director of the CCUSO Program

*Defendant*s

Mary Benson, ARNP; Dr. Veit

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: January 29, 2015
Filed: February 3, 2015
[Unpublished]

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arthur Triplett, a patient civilly committed at Iowa's Civil Commitment Unit for Sexual Offenders (CCUSO), brought this 42 U.S.C. § 1983 suit claiming that he suffered violations of his constitutional rights when Nurse Practitioner Mary Benson and Dr. Stephen Veit failed to diagnose his throat cancer by conducting a more thorough examination, and when Benson failed to refer him to a specialist earlier than she did. Defendants moved for summary judgment on the basis of qualified immunity, and the district court denied the motion. This interlocutory appeal followed,[1] in which we have jurisdiction to review issues of law, but not to resolve questions of evidence, or to determine whether the pretrial record reveals a genuine issue of fact for trial. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014). We conduct de novo review, *see Stoner v. Watlingten*, 735 F.3d 799, 802 (8th Cir. 2013), accepting the facts that the district court found were adequately supported, *see Brown v. Fortner*, 518 F.3d 552, 557-58 (8th Cir. 2008). Defendants are not entitled to qualified immunity if the facts construed in a light most favorable to Triplett establish a violation of his constitutional rights, and if the right was clearly established at the time of the alleged violation. *See Fourte v. Faulkner Cnty., Ark.*, 746 F.3d 384, 387 (8th Cir. 2014). For the reasons that follow, we reverse the denial of summary judgment and remand for entry of judgment in favor of Nurse Benson and Dr. Veit.

After Triplett complained to Benson of voice raspiness and loss of volume, Dr. Veit examined him and perceived redness in the posterior pharynx, diagnosed acid reflux, and prescribed medication--with a plan to conduct further testing if Triplett did not improve within six weeks. Triplett thereafter did not complain to either defendant about issues with his voice for a year, and in fact saw Nurse Benson during that time for other ailments, and told her at one point that the reflux medication had helped. When Triplett finally complained again about his voice, Nurse Benson

---

[1]Those defendants who are named in the caption, but are not designated as appellants, were dismissed for lack of personal involvement, and are not at issue in this appeal.

immediately made an appointment for him to see a specialist, and Triplett attended the appointment some two months later, at which time the specialist diagnosed and treated the cancer. These facts show that Triplett had an objectively serious medical condition--developing throat cancer--but the facts fail to show that either defendant had actual and subjective knowledge of the condition and chose to ignore it, as required to establish a violation of Triplett's constitutional rights. *See Scott v. Benson,* 742 F.3d 335, 339-40 (8th Cir. 2014) (deliberate indifference standard applies to claims of constitutionally deficient medical care brought by CCUSO detainees; plaintiff must show he suffered from objectively serious medical need, and defendants knew of but deliberately disregarded that need).

The district court reasoned that other staff within CCUSO to whom Triplett had complained about his voice should have known something was wrong. Actual knowledge on the part of defendants, however, is required to hold them liable under section 1983. *See Fourte*, 746 F.3d at 387. The court also expressed concern that when Nurse Benson had seen Triplett for other ailments, his voice was becoming more frail. But these facts establish negligence at most, particularly because Triplett not only made no complaint about his voice to Benson, but told her that his voice had improved with the medication. *See id.* (deliberate indifference is more than negligence or even gross negligence); *Noll v. Petrovsky*, 828 F.2d 461, 462 (8th Cir. 1987) (inmate showed only "that another physician in the same circumstance might have ordered different tests and treatment"; evidence raised questions of medical judgment, but did not show deliberate indifference); *cf. Scott,* 742 F.3d at 339-40 (CCUSO patient had substantial evidentiary threshold to clear in showing official deliberately disregarded his needs by administering inadequate treatment). Likewise, we are unable to conclude that Benson exhibited deliberate indifference when she immediately called to make an appointment for Triplett to see a specialist after he complained of voice issues the following year, even though the appointment was made for a date that was two months from the phone call. *Cf. Logan v. Clarke*, 119 F.3d 647, 650 (8th Cir. 1997) (where there was three-month delay in referral for

treatment, prison doctors may not have acted as quickly as hindsight might have dictated but they made efforts to remedy problem in reasonable and sensible manner and thus were not deliberately indifferent).

Accordingly, we conclude that the facts fail to support a claim of deliberate indifference, and further, that Nurse Benson and Dr. Veit are entitled to summary judgment on the basis of qualified immunity.

———————————————