# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2056

_____

Nazia Habib,

    Plaintiff-Appellant,

v.

NationsBank,

    Defendant-Appellee.

    Appeal from the United States
District Court for the Eastern
District of Missouri.

_____

Submitted: November 13, 2001
Filed: December 28, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and STAHL,[1] Circuit Judges.

_____

STAHL, Circuit Judge.

Plaintiff Nazia Habib brought suit against Defendant NationsBank, claiming that she was unlawfully terminated on the basis of her race, religion, and/or national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et

_____

[1] The Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by designation.

seq. ("Title VII") . On March 22, 2001, the district court[2] entered summary judgment in favor of the defendant. We affirm.

Nazia Habib, a Muslim Pakistani woman, began working as a part-time teller with NationsBank (then known as Boatman's Bank) in June 1996 at the St. John's Branch, switching to full-time work in October 1997. She was the only Asian person of the Muslim faith working at the branch. When she was hired, Habib had informed NationsBank's management that, in accordance with her religious beliefs, she needed to pray five times a day, and that her prayers would last from five to fifteen minutes. In response to this request, the defendant allowed Habib to schedule her breaks so as to accommodate her prayer time. According to Habib, however, some of her fellow employees, including her direct supervisor Sandra Tipton, were less understanding about her cultural and religious practices, and made derogatory comments about her dress and diet. Habib alleged that Tipton had been particularly unsupportive. According to Plaintiff, Tipton had made public remarks that Habib's unique scheduling arrangements were unfair to the other tellers, and on three separate occasions specifically had prevented Habib from taking a break for prayer at the particular time required by her religion.[3] Although Habib wrote a letter in February 1998 to Herman Travis, the Branch Manager, complaining about Tipton's insensitivity, Tipton's hostile behavior toward her allegedly continued unabated.

In early June 1998, having received prior approval of her request for compassionate leave, Habib took three days off from work to attend her grandmother's funeral in California. When she was unable to return to St. Louis as

---

[2] The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

[3] Tipton insists that her only interference with Habib's prayer times occurred when there was a rush of customers, which prevented any of the tellers from taking a break.

scheduled, she contacted NationsBank before her next scheduled shift to advise them of the delay and took a fourth day off as a personal day. Upon her return, Habib received a written counseling memorandum dated June 5, 1998 for absenteeism from Julie Childs, the Banking Center Manager of the St. John's Branch.[4] The memorandum warned that "any further occurrences of absenteeism can result in further written notification, up to and including termination of employment."

Less than one week after she had received the counseling memorandum, while at work Habib began to suffer from a headache, dizziness and fatigue, and asked Tipton if she could go home for the rest of the day. Tipton referred the matter to the other Banking Center Manager, Karen Allen. After consulting with the Bank's human resources representative, Allen informed Habib that she could go home if she agreed to bring in a doctor's note the next day. Habib responded that it was unreasonable to require her to visit a doctor that afternoon and that she had no intention of bringing in a note from her doctor. At this point, Allen emphasized to Habib that she had only two options: (1) finish her shift, or (2) leave work early and provide a doctor's note the next morning. Otherwise, Allen warned, she would be fired. Habib rejected what she characterizes as Allen's "ultimatum" and left work, steadfast in her refusal to bring a doctor's note. True to her word, Allen fired Habib that day.[5]

---

[4] Defendant claims that the memorandum was issued in response to a pattern of absences by Habib on Monday, Friday or the day after a Bank Holiday. Habib disputes the characterization of her attendance record as demonstrating a "pattern" of absenteeism, and insists that other employees with similar or worse attendance records had not been similarly reprimanded.

[5] Allen maintains that her decision to fire Habib had been preauthorized by the bank's human resources representative, who agreed that, in light of Habib's prior counseling memorandum, termination would be an appropriate course of action if Habib refused to bring in a doctor's note.

Plaintiff filed this lawsuit in August 1999, alleging that NationsBank discriminated against her on the basis of race, religion and/or national origin with respect to the terms and conditions of her employment, up to and including her termination. The district court dismissed her case on the defendant's motion for summary judgment, however, after finding that her termination did not "occur[] under circumstances which allow the Court to infer unlawful discrimination."

We review de novo the district court's grant of summary judgment, Barrera v. Con Agra, 244 F.3d 663, 665 (8th Cir. 2001), and may affirm its judgment on any grounds supported by the record, Hatchell v. Philander Smith College, 251 F.3d 670, 674 (8th Cir. 2001). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, demonstrates that there are no outstanding issues of material fact and the moving party is entitled to judgment as a matter of law. Henerey v. City of St. Charles, 200 F.3d 1128, 1131 (8th Cir. 1999); Fed. R. Civ. P. 56(c).

In order to establish a prima facie case of discrimination based on circumstantial, rather than direct evidence, as Habib wishes to do here, the plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for her position and performed her duties adequately; and (3) she suffered an adverse employment action under circumstances that would permit the court to infer that unlawful discrimination had been at work. Whitley v. Peer Review Sys., Inc., 221 F.3d 1053, 1055 (8th Cir. 2000) (citing *inter alia* McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Once the plaintiff has established her prima facie case, the employer must offer legitimate reasons for the adverse action. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506-07 (1993). The plaintiff may still succeed, however, if she can demonstrate that the reasons offered by her employer were mere pretexts for discrimination. Chock v. Northwest Airlines, Inc., 113 F.3d 861, 865 (8th Cir. 1997).

We find that the district court properly determined that the plaintiff failed to make out the third prong of her prima facie case because the circumstances surrounding her termination demonstrate that she was fired for insubordination (i.e., refusing to comply with Allen's request that she bring in a doctor's note) rather than for discriminatory reasons involving her race, religion or national origin.  Although Habib appears to have had a history of unpleasant interactions with Tipton, her direct supervisor, she has presented no evidence to suggest that Allen, the person who ultimately fired her, harbored any animus towards her because she was a Pakistani Muslim woman, and has failed to come forward with any proof that "the decision making process [was] tainted by discrimination."  Excel Corp. v. Bosley, 165 F.3d 635, 639 (8th Cir. 1999).  In support of her argument that impermissible discrimination was at work, Habib has offered only speculation that Tipton somehow encouraged Childs to issue the warning memorandum and/or influenced Allen's decision to terminate Habib.  In order to survive a motion for summary judgment, however, the non-moving party must be able to "substantiate his allegations with sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy."  Wilson v. Int'l Bus. Machs. Corp., 62 F.3d 237, 241 (8th Cir. 1995).  Because Habib has failed to satisfy her initial burden, the district court properly  entered summary judgment in the defendant's favor.[6]

---

[6]  Habib also raised a claim of hostile work environment in her complaint, which was likewise rejected by the district court.  With the exception of Tipton's insensitive comments, the record offers little to support Habib's allegation and, on the contrary, suggests that NationsBank made significant efforts to accommodate Habib's religious and cultural needs.  We need not reach the merits of any hostile work environment claim, however, as Habib did not preserve this issue for appeal, and focused her argument instead on her allegedly wrongful termination.

For the foregoing reasons, the decision of the district court is <u>affirmed.</u>

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.