# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2252

_____

| | | |
|---|---|---|
| Katie M. Holmes, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Housing Authority of City of Dumas, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 3, 2002

Filed: September 30, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

After her termination as Family Investment Center (FIC) Coordinator, Katie Holmes, an African-American woman, brought this race discrimination action against the Housing Authority of the City of Dumas. The district court* granted summary judgment to the Housing Authority, concluding Holmes failed to present a prima facie case of discrimination because she offered no admissible evidence giving rise to an

_____

*The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

inference that her supervisors were motivated to terminate her position because of her race. Holmes appeals pro se.

We review the grant of summary judgment de novo. Habib v. Nationsbank, 279 F.3d 563, 566 (8th Cir. 2001). Summary judgment is appropriate if the evidence, viewed in the light most favorable to Holmes, shows there are no outstanding issues of material fact and the Housing Authority is entitled to judgment as a matter of law. Id. The Housing Authority is entitled to judgment as a matter of law if Holmes failed to present evidence sufficient to create a jury question about an essential element of her claim. Whitley v. Peer Review Sys., Inc., 221 F.3d 1053, 1055 (8th Cir. 2000). To establish a prima facie case of discrimination based on circumstantial evidence, Holmes is required to show she is member of a protected class, she was qualified for her position, and she suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination. Id.

The district court properly concluded Holmes failed to allege sufficient facts to permit an inference that she suffered an adverse employment action because of her race. It is undisputed that Holmes's termination was recommended by the Executive Director, who had promoted Holmes about ten months earlier. See Herr v. Airborne Freight Corp., 130 F.3d 359, 362-63 (8th Cir. 1997) (fact that the same person both hired and fired plaintiff within a fairly short time creates strong evidence that discrimination was not a factor motivating the termination). Holmes was given a hearing before the Housing Authority's Board, composed of four African-Americans and one Caucasian, which took the issue of Holmes's termination under advisement for two weeks and held a retreat to review the entire FIC program. The Board decided to reorganize and relocate the entire program due to lack of performance and to terminate all FIC employees. Holmes later applied for three different jobs with the FIC, but was not hired because the Board decided she was not the most qualified person for the positions. The Board hired African-Americans to fill two of the jobs and a Caucasian to fill the other job. In affidavits, the Board members stated race was

-2-

not a factor in the decision to reorganize and relocate the FIC program and to terminate Holmes. Holmes did not contest the affidavits.

In her appeal, Holmes relies on signed statements of three coworkers, two of which state the Executive Director said she would "beg and crawl on her knees to the Board" before letting Holmes get the Executive Director job. We agree with the district court that even if the statements were sworn or certified as required by Fed. R. Civ. P. 56(e), the statements do not raise an inference of race discrimination.

We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.