# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-2927

———————

Eric T. Tolen,                                        *
                                                      *
      Plaintiff - Appellant,                     *
                                                      *
    v.                                          *  Appeal from the United States
                                                      *  District Court for the
John Ashcroft, Attorney General for     *  Eastern District of Missouri.
the Department of Justice,                   *
                                                      *
      Defendant - Appellee.                      *
                                                      *
                                                      *

———————

Submitted: May 10, 2004
Filed: July 28, 2004

———————

Before MORRIS SHEPPARD ARNOLD, MCMILLIAN, and MELLOY, Circuit
    Judges.

———————

MELLOY, Circuit Judge.

    Eric Tolen ("Tolen") was employed by the Department of Justice as an Assistant United States Attorney from 1987 until his termination in 1999. His termination followed allegations of, *inter alia*: perjury in connection with his brother's bank robbery trial, the unauthorized outside practice of law, making false statements to investigating officers, using government time, clerical assistance, and space for personal reasons, and misusing his position as an Assistant United States

Attorney for personal gain. Pursuant to Department of Justice policy, Tolen was placed on administrative leave while the Executive Office for United States Attorneys ("EOUSA") completed an investigation into the allegations and ultimately recommended Tolen's dismissal.

After being terminated, Tolen brought numerous claims of racial discrimination and retaliation against various defendants, including Attorney General Ashcroft, FBI Special Agent Gary Fuhr, and former Department of Justice attorney Joseph Gontram, under Title VII and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). The defendants moved to dismiss Counts IV through IX of Tolen's First Amended Complaint, and Tolen conceded that some of the counts were precluded by remedies under the Civil Service Reform Act. The district court[1] granted the Motion to Dismiss. Consequently, Counts I, II, and III, which alleged race discrimination and retaliation against Attorney General Ashcroft (Counts I and II) and Special Agent Fuhr (Count III), remained. The district court then granted Tolen leave to amend his complaint. In a four-count Second Amended Complaint, Tolen solely named Attorney General Ashcroft as a defendant and sought to hold him liable for race discrimination and retaliation under Title VII.

Attorney General Ashcroft subsequently moved for summary judgment, arguing that Tolen failed to present a prima facie case of discrimination or retaliation. The district court agreed and entered summary judgment in Ashcroft's favor. Tolen appeals.[2] Having reviewed de novo the record and carefully considered the parties'

---

[1]The Honorable Warren K. Urbom, United States District Judge for the Eastern District of Missouri.

[2]Tolen also appeals the dismissal of the constitutional claims alleged against Special Agent Fuhr and attorney Gontram in Tolen's First Amended Complaint. However, Tolen voluntarily dismissed his <u>Bivens</u> claim against Gontram and did not include either of these claims in his Second Amended Complaint. "It is well-established that an amended complaint supercedes an original complaint and

-2-

briefs, see Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002) (standard of review), we agree with the district court's bases for granting summary judgment and affirm.

Count I of Tolen's Second Amended Complaint alleges race discrimination. To establish a prima facie case on this claim, a Title VII plaintiff must show: (1) that he is a member of a protected class, (2) that he was meeting the employer's legitimate job expectations, (3) that he suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently. E.g., Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000). If the plaintiff can make out a prima facie case, the employer must come forward and identify a legitimate, non-discriminatory reason for the adverse employment action. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000). If the employer meets this burden of production, the presumption raised by the prima facie case disappears, and the burden shifts back to the plaintiff to show that the articulated reason was a pretext for discrimination. See Mayer v. Nextel West Corp., 318 F.3d 803, 807 (8th Cir. 2003) (explaining McDonnell Douglas burden-shifting paradigm in context of ADEA).

The district court found that Tolen failed to generate a jury question as to the fourth element of the prima facie case. We agree. Tolen argues that he is the only employee who former United States Attorney Dowd caused to be investigated, while he (Dowd) did not report other employees' misconduct, in violation of Department

renders the original complaint without legal effect." Karnes v. Poplar Bluff Transfer Co. (In re Atlas Van Lines, Inc.), 209 F.3d 1064, 1067 (8th Cir. 2000); accord Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) ("If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint."); Fuhrer v. Fuhrer, 292 F.2d 140, 144 (7th Cir. 1961) ("The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes functus officio."). Accordingly, Tolen has waived his Bivens claims, precluding our review of the district court's dismissal of them.

of Justice policy. In addition, Tolen contends that he was treated less favorably than other Assistant United States Attorneys who the director of the EOUSA recommended be dismissed for misconduct. To be similarly situated, the comparable employees "'must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.'" Gilmore v. AT&T, 319 F.3d 1042, 1046 (8th Cir. 2003) (quoting Clark, 218 F.3d at 918).

To demonstrate that he was treated more harshly, Tolen asserts that his offered comparables were accused of committing serious violations while he was accused of relatively minor infractions. No reasonable fact-finder, however, could conclude that the unauthorized outside practice of law during Tolen's regular working hours, accusations of perjury and misleading federal prosecutors, among other allegations, were "minor." Tolen has not designated specific evidence in the record to dispute that he engaged in much of the misconduct the Department of Justice charged against him.[3] Nor does he contend that the charges were fabricated. Thus, to compare the severity of Tolen's conduct to that of employees who were accused of neglecting work and being confrontational, for example, would be inappropriate for purposes of the "similarly situated" analysis. Furthermore, as the district court pointed out, the frequency of Tolen's misconduct distinguishes him from his offered comparables. Consequently, upon de novo review, we agree that Tolen failed to establish a prima facie case of race discrimination.

---

[3]Tolen failed to cite to specific portions of the record to support much of his arguments resisting the defendant's motion for summary judgment. The district court was not required to wade through his voluminous "Exhibit 1" to find the existence of triable issues, even though the district court expended much effort in doing so. Tolen's numerous citations to "Exhibit 1" and to full affidavits did not meet Rule 56's specificity requirements. See Jaurequi v. Carter Mfg. Co., 173 F.3d 1076, 1085 (8th Cir. 1999) ("[A] district court is not 'obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim[.]'" (quoting White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990))).

The district court, moreover, found that even if Tolen were able to establish a prima facie case, he had failed to rebut Attorney General Ashcroft's legitimate, non-discriminatory reasons for his (Tolen's) dismissal. The charges that the EOUSA sustained against Tolen constitute legitimate, non-discriminatory reasons for Tolen's termination, and Tolen has not presented any evidence that supports an inference that Attorney General Ashcroft's articulated reasons for dismissing Tolen were pretextual. Nor has Tolen presented evidence from which a reasonable jury could find that he was terminated "under circumstances that would permit the court to infer that unlawful discrimination had been at work." Habib v. NationsBank, 279 F.3d 563, 566 (8th Cir. 2001). Summary judgment, therefore, was properly entered against him on his race discrimination claim.

Counts II, III, and IV of Tolen's Second Amended Complaint allege retaliatory conduct for Tolen's refusal to resign and the ensuing investigation (Count II), for his refusal to facilitate an inculpatory statement from his brother who stood accused of bank robbery (Count III), and for filing a discrimination charge with the EEOC (Count IV). A prima facie case of retaliation requires the plaintiff to establish (1) that he engaged in conduct protected by Title VII, (2) that the employer took an adverse employment action against the plaintiff, and (3) that the adverse employment action was causally related to the plaintiff's protected activity. See Sowell v. Alumina Ceramics, Inc., 251 F.3d 678, 684 (8th Cir. 2001) (outlining elements of prima facie retaliation case under Title VII).

We agree with the district court's analysis of Tolen's retaliation claims. The record before the district court did not show that Tolen generated a triable issue as to whether he engaged in activity protected by Title VII as alleged in Counts II and III. On de novo review, we also find lacking a genuine issue for trial regarding causation. Regarding Count IV, we likewise agree with the district court's analysis that no genuine issue of material fact existed as to whether Tolen suffered a post-termination adverse employment action that was causally linked to his filing of an EEOC charge.

Accordingly, the district court properly entered summary judgment on each of Tolen's retaliation claims.

Therefore, we affirm the judgment of the district court.

_____