# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2330

_____

| | | |
|---|---|---|
| Keith E. Griffin, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Super Valu, | * | District of Missouri. |
| | * | |
| Appellee. | * | |

_____

Submitted: February 14, 2000

Filed: July 14, 2000

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Keith Griffin appeals the district court's[1] order granting summary judgment to his employer, Super Valu, in this employment discrimination action under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e through § 2000e-17. Mr. Griffin, who is black, alleges that he was denied two promotions because of his race. On appeal,

_____

[1] The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Mr. Griffin contends that he should have been allowed to file an untimely response to Super Valu's summary judgment motion, and that the motion was improperly granted.

I.

We first address the question of whether Mr. Griffin should have been permitted to file an untimely response to Super Valu's summary judgment motion because the resolution of that issue affects the scope of the record on appeal. Before the district court denied Mr. Griffin leave to file a late response, he and his counsel (who is not representing him on appeal) were sanctioned for other dilatory behavior. After waiting for more than four months for a response to discovery requests, Super Valu's attorney wrote to Mr. Griffin's counsel asking for the requested information. When Mr. Griffin's attorney did not respond, Super Valu moved to compel discovery, a motion that Mr. Griffin also failed to answer. The district court granted the motion to compel and imposed sanctions against Mr. Griffin for the unexplained delay. After Mr. Griffin's counsel later violated a court order by failing to provide Super Valu with pertinent tape recordings until more than four months after their due date, the court imposed additional sanctions against Mr. Griffin and his attorney.

On the date that Mr. Griffin's counsel acknowledged that the summary judgment response was due, she moved for additional time. In support, she referred generally to her heavy workload and trial schedule and to her difficulty contacting Mr. Griffin because of his work schedule. The district court denied the motion for more time. In the order granting summary judgment, the court explained that the motion was denied based on Mr. Griffin's attorney's failure to alert the court earlier to work-related problems, as well as her prior "dilatory behavior during this litigation" and her failure to comply with local court rules by certifying that she had tried to reach an agreement with Super Valu regarding the motion. Mr. Griffin moved to reconsider or amend the judgment, *see* Fed. R. Civ. P. 59(e), arguing, *inter alia*, that based on the local rules, the court should consider a belated summary judgment response that Mr. Griffin's

attorney had previously mailed to opposing counsel, but had not filed with the court. The court denied the post-judgment motion.

Absent an abuse of discretion, we will not interfere with the district court's management of its docket, *see Penn v. Iowa State Board of Regents*, 999 F.2d 305, 307 (8th Cir. 1993), or reverse its denial of post-judgment relief, *see Roark v. City of Hazen,* 189 F.3d 758, 761 (8th Cir. 1999). Having carefully considered all of the circumstances and the relevant rules, we conclude that the district court acted within its discretion both when it refused to grant additional time for Mr. Griffin to file his summary judgment response and when it denied his post-judgment motion.

## II.

Mr. Griffin also contends that the district court erred in granting summary judgment on his failure-to-promote claims. Mr. Griffin's reliance on cases in which a plaintiff's lawsuit was dismissed as a sanction for various improper conduct is misplaced. In our case, the court carefully reviewed Super Valu's motion and granted summary judgment based on the merits. *Cf. Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996). Therefore, as with any appeal from an order granting summary judgment, we review the record *de novo* in the light most favorable to the nonmoving party and affirm only if no material question of fact exists, *see id.* at 258. We do not consider as part of the record, however, documents upon which Mr. Griffin attempts to rely that were not before the district court. *See Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997).

Under its collective bargaining agreement with Mr. Griffin's union, Super Valu was permitted to hire casual employees "as needed" to work in its warehouse, and it hired Mr. Griffin in this capacity. The agreement also provided that casual employees would be placed in Group A or Group B, and that promotions to permanent positions would be made from Group A in order of seniority; casual employees who were hired after December, 1993, as Mr. Griffin was, would be placed in Group B and would

advance to Group A at Super Valu's discretion. Super Valu offered evidence that it had a policy of advancing an employee to Group A only if the employee had at least six months' seniority and had no more than one unexpunged disciplinary action in his or her personnel file. Super Valu disciplined employees for failure to meet production standards, misconduct, absence, and unavailability.

We assume, without deciding, that Mr. Griffin has made a *prima facie* case of illegal discrimination, and thus that he has created a presumption that discrimination occurred, which an employer may then rebut by proffering a legitimate nondiscriminatory reason for the adverse employment action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). We find that Super Valu rebutted the presumption with its evidence that Mr. Griffin was disciplined for failing to meet production standards and for insubordination. The company also showed that at the time of each opportunity for promotion Mr. Griffin had five unexpunged disciplinary actions in his personnel file. Mr. Griffin was therefore obliged to offer or point to evidence that Super Valu's asserted reasons were pretextual. *See Reeves v. Sanderson Plumbing Products, Inc.*, 120 S. Ct. 2097, 2106 (2000).

Mr. Griffin contends that Super Valu failed to discipline white employees for the same conduct for which he was disciplined, and evidence that white employees engaged in comparable conduct but were not subjected to an adverse employment action is "[e]specially relevant" to the pretext inquiry, *McDonnell Douglas Corp.*, 411 U.S. at 804. To prove pretext in this manner, however, the plaintiff must show that he or she and the disparately treated white employees were " 'similarly situated in all relevant respects,' " *Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 (8th Cir. 1994), quoting *Meyers v. Ford Motor Co.*, 659 F.2d 91, 93 (8th Cir. 1981).

Mr. Griffin asserts that he received disparate discipline for an act of insubordination. Mr. Griffin refused the direct order of a supervisor who had warned him that if he did not end his work shift he would be in "big trouble" and "out the door,"

-4-

and he was then fired. After going through a union grievance procedure, his termination was reduced to a suspension. Even assuming that suspension alone is favorable treatment compared to suspension preceded by termination, we conclude that a white employee, to whose case Mr. Griffin directs our attention and who was suspended for leaving work after an unnamed supervisor announced over the intercom system that all casual employees should stay late, was not "similarly situated" to Mr. Griffin. To the contrary, Mr. Griffin was given a direct order and warned twice of the serious consequences of noncompliance, and, moreover, we do not know whether the same supervisor meted out the punishment to both Mr. Griffin and the white employee. *See Harvey*, 38 F.3d at 972.

Mr. Griffin also testified generally at his deposition that he had been treated less favorably than white employees with regard to discipline and advancement. When questioned further, however, he failed to specify during what time period he was treated less favorably than any particular white employee by any particular supervisor. We have not found in the record, moreover, any evidence that corroborates Mr. Griffin's assertion. This testimony thus fell short of establishing pretext. *See Davenport*, 30 F.3d at 945 (general and unelaborated deposition testimony that similarly situated white employees were treated more favorably did not create genuine issue of fact on question of pretext). Nor is it sufficient for Mr. Griffin simply to claim that he was treated unfairly by his employer. *See O'Bryan v. KTIV Television*, 64 F.3d 1188, 1191 (8th Cir. 1995). We therefore conclude that the evidence properly before the district court did not support a finding that Super Valu's alleged reason for refusing Mr. Griffin a promotion was pretextual. The district court therefore properly granted summary judgment to Super Valu.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.