# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1056

_____

| | | |
|---|---|---|
| Kathryn R. Harris, also known as Kathy Harris, | * * * | |
| Appellant, | * * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Emergency Providers, Inc.; | * | |
| International Association of Fire | * | [UNPUBLISHED] |
| Fighters, Local No. I-34, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 20, 2002
Filed: August 28, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Kathryn R. Harris, appeals the District Court's[1] adverse grant of summary judgment in her action against her former employer, Emergency Providers, Inc. (EPI), and union, International Association of Firefighters, Local No. 1-34 (IAFF). Harris claimed violations of the Family and Medical Leave Act (FMLA), section 301 of the

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Labor Management Relations Act, and state law. She based her claims on allegations regarding, among other things, denials of her requests for FMLA leave and her suspension and eventual termination. Having carefully reviewed the record, see Iowa Coal Mining Co. v. Monroe County, Iowa, 257 F.3d 846, 852 (8th Cir. 2001) (standard of review for district court's application of state law); Griffin v. Super Valu, 218 F.3d 869, 871 (8th Cir. 2000) (summary judgment standard of review), we affirm.

We agree with the District Court that EPI properly denied Harris's requests for FMLA leave. Harris was not entitled to additional FMLA leave based on her allegation that EPI failed to provide Harris with notice that her December 1998 to March 1999 leave had been counted as FMLA leave. See Ragsdale v. Wolverine World Wide, Inc., 122 S. Ct. 1155, 1159 (2002). The record shows that Harris had exhausted her FMLA leave before her August and September 1999 requests for additional FMLA leave. Further, the record does not support Harris's attestation that she worked the requisite 1250 hours in the twelve months preceding her December 1999 FMLA leave request. See 29 U.S.C. § 2611(2)(A) (2000); Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994).

EPI's demand for Harris to undergo a fitness-for-duty examination in March 1998 also did not violate FMLA, as it was consistent with the collective bargaining agreement (CBA) provisions before the District Court, and Harris failed to provide evidence that EPI inconsistently applied the fitness-for-duty requirements. See 29 C.F.R. § 825.310 (2001). Harris also failed to create a triable issue on her FMLA retaliation claim, see Darby v. Bratch, 287 F.3d 673, 679 (8th Cir. 2002) (setting forth elements of a prima facie case of FMLA retaliation), as the shift change was not an adverse employment action, see Jones v. Fitzgerald, 285 F.3d 705, 714 (8th Cir. 2002), and the record does not support a causal connection between protected activity and the subsequent suspensions and terminations, which were grounded upon the CBA, see Sepe v. McDonnell Douglas Corp., 176 F.3d 1113, 1115-16 (8th Cir.), cert. denied, 528 U.S. 1062 (1999). Because FMLA was not implicated, Harris's state-law

wrongful discharge claim necessarily fails as well. See Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 663 (Mo. 1988) (en banc).

As to Harris's hybrid section 301/fair-representation action, the District Court properly limited its consideration to Harris's March 2000 termination. See Scott v. United Auto., 242 F.3d 837, 839 (8th Cir. 2001) (explaining that a six-month statute of limitations governs hybrid section 301/fair-representation actions). The District Court also properly determined that Harris had failed to establish genuine issues of fact as to whether IAFF breached its duty of fair representation and as to whether EPI breached the CBA. See id. Harris did not rebut IAFF's evidence showing how it met the duty to fairly represent her, see Buford v. Runyon, 160 F.3d 1199, 1202-03 (8th Cir. 1998), IAFF was not required to arbitrate her termination, see Schmidt v. Int'l Bhd. of Elec. Workers, Local 949, 980 F.2d 1167, 1169-70 (8th Cir. 1992), Harris presented no evidence of discrimination or bad faith, see Buford, 160 F.3d at 1202; Schmidt, 980 F.2d at 1170, and Harris's termination was consistent with the CBA provisions on attendance.

We decline to consider the additional material, arguments, and claims Harris presents for the first time on appeal. See Griffin, 218 F.3d at 871; Dorothy J. v. Little Rock Sch. Dist., 7 F.3d 729, 734 (8th Cir. 1993).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-