# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3090

_____

Opal L. Coleman,                                      *
                                                     *
            Appellant,                               *
                                                     *   Appeal from the United States
      v.                                             *   District Court for the
                                                     *   Eastern District of Arkansas
Arkansas Department of Correction,                   *
Varner Unit,                                         *        [UNPUBLISHED]
                                                     *
            Appellee.                                *

_____

Submitted:  January 7, 2003

Filed:   January 13, 2003

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Opal Coleman appeals from an order of the District Court for the Eastern District of Arkansas[1] granting summary judgment in favor of the Arkansas Department of Correction, Varner Unit (ADC), in her Title VII action alleging discrimination and constructive discharge on the basis of her race (African-American). For reversal, Coleman argues that (1) the district court erroneously

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

construed her complaint as simply raising claims of a hostile work environment and constructive discharge, rather than discrimination; (2) she produced sufficient evidence of discrimination; and (3) the district court failed to consider her evidence. After de novo review, see Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002), and for the reasons discussed below, we affirm the judgment of the district court.

Coleman was hired by the Varner Unit Records Department, and after approximately ten months, she resigned, citing extreme stress due to a heavy workload and other stress-related conditions. In her complaint, she alleged that ADC had failed to place her in her hired position or to promote her, refused to train her, required her to work alone with limited help for ten months, and required her to perform other people's duties while prohibiting others from assisting her.

While Coleman presented her own deposition testimony that her supervisor had treated her unfairly and yelled at her on numerous occasions, ADC presented evidence that (1) Coleman had made frequent and excessive errors shortly after she began working, and did not improve after the errors were brought to her attention and she was counseled; (2) Coleman was given additional duties and on-the-job training, but made frequent mistakes in performing those duties as well; and (3) Coleman's initial assignment was that given to all new Records employees.

We conclude Coleman's evidence was insufficient to show constructive discharge, a hostile work environment, or any adverse employment action; rather, the evidence showed her treatment by supervisors was due to her poor performance. See Ross v. Douglas County, 234 F.3d 391, 395-96 (8th Cir. 2000) (holding prima facie case for hostile work environment includes showing of severe conduct that affected term, condition, or privilege of employment); Breeding v. Arthur J. Gallagher & Co., 164 F.3d 1151, 1156-59 (8th Cir. 1999) (holding prima facie case of discrimination includes showing of adverse employment action; constructive discharge could satisfy

element of adverse employment action, but there was no constructive discharge where evidence did not support that discrimination, rather than actual performance problems, prompted reprimands and poor evaluations); see also Helfter v. UPS, Inc., 115 F.3d 613, 616 (8th Cir. 1997) (holding conclusory statements in affidavits and deposition testimony, "standing alone, are insufficient to withstand a properly-supported motion for summary judgment").

Accordingly, we affirm the judgment of the district court. We also grant ADC's motion to strike Coleman's newly submitted evidence and deny Coleman's counter-motion. See Griffin v. Super Valu, 218 F.3d 869, 871 (8th Cir. 2000) (refusing to consider documents that were not before district court).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.