# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2096

_____

Safwat Soliman,                                            *
                                                           *
          Appellant,                                       *
                                                           *   Appeal from the United States
     v.                                                    *   District Court for the
                                                           *   District of Nebraska.
Mike Johanns, Secretary, United                            *
States Department of Agriculture,                          *            [PUBLISHED]
                                                           *
          Appellee.                                        *

_____

Submitted: February 7, 2005
Filed:   June 20, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

RILEY, Circuit Judge.

Safwat Soliman (Soliman) appeals the district court's[1] adverse grant of summary judgment in his Title VII action. In Soliman's counseled complaint, he sought damages from the Secretary of the United States Department of Agriculture (Secretary), claiming he had been terminated from his job as a meat inspector, and had been subjected to a hostile work environment because of his Arabic descent and Egyptian national origin. The Secretary moved for summary judgment on March 3,

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

2004, and on March 8, Soliman, who by then was proceeding pro se, moved to extend the deadline "to apply for" summary judgment. The magistrate judge[2] interpreted this language as also meaning "to respond to" the March 3 summary judgment motion, and gave Soliman until April 5 to do so. In another order entered March 23, the magistrate judge warned that the March 3 summary judgment motion would be deemed submitted for decision no later than April 5, and no further extensions for a response would be granted. On March 29, Soliman notified the court he was living in Michigan temporarily, as his father had died there on March 19; he attached a copy of a death certificate; and he requested another ninety days "to apply for" summary judgment. The magistrate judge summarily denied the extension on April 7. The district court granted the Secretary's summary judgment motion on April 8.

We review for abuse of discretion a district court's denial of a request for an extension to file a summary judgment response. Griffin v. Super Valu, 218 F.3d 869, 870 (8th Cir. 2000). Soliman argues the district court should have granted his March 29 motion for an extension, because he suffered from extreme family hardship due to the unexpected death of his father. While we sympathize with Soliman's situation and may have taken different action than did the district court, we cannot say the district court abused its considerable discretion in denying Soliman's March 29 motion for an extension. The district court did not preclude Soliman from filing a response to the Secretary's motion for summary judgment. Rather, it merely enforced a deadline governing the timing of submissions and denied any enlargement beyond the extension of time already granted. See Biby v. Kansas City Life Ins. Co., 629 F.2d 1289, 1293 (8th Cir. 1980) (holding it is critical to the trial court's power of control over its own docket and its ability to serve effectively all litigants that it maintain control over progress of cases before it, including requests for extensions of time). Even pro se litigants must comply with court rules and directives. See

---

[2]The Honorable F. A. Gossett, III, United States Magistrate Judge for the District of Nebraska.

<u>Schooley v. Kennedy</u>, 712 F.2d 372, 373 (8th Cir. 1983) (per curiam) (declaring pro se parties are not excused from complying with procedural and substantive law).

The district court gave Soliman one extension before his father's death, and the district court thereafter warned Soliman it would not grant any further extensions. Although Soliman asserts he was residing out of state when the court entered an order warning of no further extensions, a litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit. <u>See</u> <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Soliman waited until several days after his father's death and within a few days of the revised deadline to file his March 29 extension motion. <u>See</u> <u>Noll v. Petrovsky</u>, 828 F.2d 461, 462 (8th Cir. 1987) (per curiam) (holding district court did not abuse its discretion in ruling on summary judgment motion where, *inter alia*, plaintiff had been given repeated notices court intended to rule on motion and it was plaintiff's burden to rebut defendant's evidence). We further note that, although the district court did not abuse its discretion in denying Soliman's motion for an extension, the district court also would have been well within its discretion in granting the motion.

As to the merits, we must determine whether entry of summary judgment was proper despite Soliman's failure to respond to the motion. <u>See</u> <u>Jacob-Mua v. Veneman</u>, 289 F.3d 517, 520 (8th Cir. 2002) (summary judgment standard of review); <u>United States v. One Parcel of Real Prop.</u>, 27 F.3d 327, 329 n.1 (8th Cir. 1994) (failure to respond to summary judgment motion does not automatically compel resolution of appeal in favor of moving party). We decline to consider the documents Soliman submitted for the first time on appeal. <u>See</u> <u>Griffin</u>, 218 F.3d at 871.

To establish a prima facie case of race and national-origin discrimination based on circumstantial evidence, as Soliman attempted to do below, he had to show, among

other things, that he adequately was performing his meat-inspector job, and he suffered an adverse employment action under circumstances permitting an inference of discrimination. See Habib v. NationsBank, 279 F.3d 563, 566 (8th Cir. 2001). Given the numerous serious complaints the supervisory veterinary medical officer received from Soliman's trainers and coworkers–within a few months of Soliman's employment, and while he was on probation and presumably on his best behavior– we agree with the district court that Soliman failed to establish trialworthy issues on these elements. We also agree with the district court that the incidents Soliman reported to the supervisory officer did not create a jury issue as to a hostile work environment based on Soliman's race and national origin. Cf. Burkett v. Glickman, 327 F.3d 658, 662 (8th Cir. 2003) (for hostile work environment claim to succeed, conduct must be so extreme as to change terms and conditions of employment). Finally, neither Soliman's assertions of judicial bias and ineffective assistance of counsel, nor the magistrate judge's denial of Soliman's discovery-related motions, provides a basis for reversal. See Sheets v. Butera, 389 F.3d 772, 780 (8th Cir. 2004) (reversal of discovery rulings is unwarranted absent gross abuse of discretion resulting in fundamental unfairness); Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (rejecting ineffectiveness of counsel claim, as there is no constitutional or statutory right to counsel in civil case).

Finally, the district court did not allow Soliman ten days to object to the magistrate judge's order as provided under Federal Rule of Civil Procedure 72(a). The district court entered its order granting summary judgment only one day after the magistrate judge denied Soliman's second motion for an extension of time. Upon a timely objection to a magistrate's order disposing of a nondispositive matter, a litigant is entitled to have the district court "consider such objection[ ] and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Here, Soliman could have argued he was prejudiced by the district court's failure to observe the ten-day rule. However, after independently reviewing Soliman's appellate briefs and the record, we conclude

-4-

Soliman has not proposed any non-frivolous argument, nor do we discover any non-frivolous issue, which would convince us the district court erred in failing to wait ten days before entering summary judgment. We hold, therefore, that the district court's failure in this case to observe the ten-day rule was harmless and does not constitute reversible error. See, e.g., Habets v. Waste Mgmt., Inc., 363 F.3d 378, 381-82 (5th Cir. 2004) (permitting district court to adopt magistrate judge's recommendation, under Fed. R. Civ. P. 72(b), one day after receiving the recommendation and before receiving any objections).

Accordingly, we affirm.

BYE, Circuit Judge, dissenting.

I respectfully dissent. Under Federal Rule of Civil Procedure 6(b)(1), the district court "for cause shown may at any time in its discretion" order a period enlarged if a request therefor is made before the originally prescribed period ends. In my view, the magistrate judge abused his discretion by denying Soliman another extension, given the death of Soliman's father and his consequent need to reside temporarily out of state, the fact that his extension motion was unopposed, and the brief time (36 days) between the filing of the summary judgment motion and the district court's final order. Cf. Benjamin v. Aroostook Med. Ctr., 57 F.3d 101, 108 (1st Cir. 1995) (in deciding motion for extension of time, district court's failure to allow for factors beyond party's control, such as counsel's unexpected illness, may, in certain cases, constitute abuse of discretion). I note that the magistrate judge's warning that no more extensions would be granted appeared in a March 23 order, when Soliman was already out of the state because of his father's death. Further, Soliman was not given time to object to the magistrate judge's April 7 denial of another extension before the district court issued its April 8 final order. See Fed. R. Civ. P. 72(a) (within 10 days after being served copy of magistrate judge's order on nondispositive matters, party may serve and file objections to order, and thereafter

may not assign as error defect in order to which objection was not timely made).  I would therefore reverse the grant of summary judgment and remand for further proceedings.

_____