# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1986

_____

Richard Louis Frenchman, Jr.,      *
                                 *

          Appellant,           *

                                 *   Appeal from the United States
     v.                      *   District Court for the
                                 *   District of South Dakota.

Herbert F. Saloum, M.D.,         *

                                 *   [UNPUBLISHED]

          Appellee.         *

_____

Submitted: May 29, 2007
Filed: May 31, 2007

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate Richard Frenchman appeals the district court's[1] adverse grant of summary judgment on his Eighth Amendment claim brought pursuant to 42 U.S.C. § 1983, alleging that Herbert Saloum, M.D., was deliberately indifferent to his serious medical needs related to his heart condition and pacemaker. The district court based its summary judgment decision on qualified immunity. Upon de novo review, we affirm. See K.D. v. County of Crow Wing, 434 F.3d 1051, 1055 (8th Cir. 2006) (standard of review).

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

We hold that the district court properly granted Dr. Saloum summary judgment because the facts taken in the light most favorable to Frenchman did not establish an Eighth Amendment violation. By Frenchman's own admissions, he was given regular "heart and pacemaker checkups" including electrocardiograph (EKG) tests; Dr. Saloum routinely read his EKG results; and Dr. Saloum had him hospitalized when a problem arose. While Frenchman raises immaterial disputes regarding dates on which treatment was performed, and disagrees with the decision not to use a different device to monitor his pacemaker, Dr. Saloum did not disregard his medical needs. See Saucier v. Katz, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."); Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997) (to establish Eighth Amendment violation by prison doctor, plaintiff must show that doctor was deliberately indifferent to plaintiff's serious medical needs: that doctor "knew of, yet disregarded, an excessive risk to his health"); Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (to show deliberate indifference, prisoner must show more than even gross negligence; mere disagreement with treatment decisions does not rise to level of constitutional violation).

We further hold that the district court did not abuse its discretion in denying Frenchman additional time to respond to Dr. Saloum's summary judgment motion, having already granted an extension once before. See Soliman v. Johanns, 412 F.3d 920, 921-22 (8th Cir. 2005) (notwithstanding plaintiff's argument that he had suffered extreme family hardship due to father's unexpected death, district court did not abuse its considerable discretion in denying plaintiff's motion for extension of time to file summary judgment response where court was merely enforcing existing deadlines and denied enlargement beyond extension already granted; even pro se litigants must comply with court rules and directives), cert. denied, 127 S. Ct. 160 (2006).

Accordingly, the judgment is affirmed. See 8th Cir. R. 47B.

_____