# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1977

_____

| | |
|---|---|
| In re:  Johnny F. Harris, | * |
| | * |
| Debtor, | * |
| ----------------- | * |
| Johnny F. Harris, | * |
| | * |
| Appellant, | * |
| | * |
| v. | *  Appeal from the United States |
| | *  Bankruptcy Appellate Panel |
| The Boyd G. Montgomery | *  for the Eighth Circuit. |
| Testamentary Trust; The Law Firm of | * |
| Chisenhall, Nestrud & Julian; Mark | *  [UNPUBLISHED] |
| W. Hodge, | * |
| | * |
| Appellees, | * |
| ----------------- | * |
| In re:  Johnn F. Harris, | * |
| | * |
| Debtor, | * |
| ----------------- | * |
| Johnny F. Harris, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| The Boyd G. Montgomery | * |
| Testamentary Trust, | * |
| | * |
| Appellee. | * |

_____

Submitted: May 7, 2008
Filed:  May 12, 2008
_____

Before BYE, SMITH, and BENTON, Circuit Judges.
_____

PER CURIAM.

Johnny Harris appeals the Bankruptcy Appellate Panel's (BAP's) decision to dismiss, for failure to prosecute, his appeals from two bankruptcy court[1] orders. The BAP did not abuse its discretion. The BAP granted Harris two extensions of time to file his brief, and gave him notice that no further extensions would be granted, yet he still did not file his brief by the second extended date. See In re Beachport Entm't, 396 F.3d 1083, 1086-87 (9th Cir. 2005) (BAP's imposition of sanctions, including summary dismissal for non-compliance with procedural requirement, is reviewed for abuse of discretion and court does not reach merits of bankruptcy court's ruling); see also In re Tampa Chain Co., Inc., 835 F.2d 54, 55 (2d Cir. 1987) (per curiam) (district court's decision dismissing bankruptcy appeal for failure to timely file brief will be affirmed unless court has abused discretion); cf. Soliman v. Johanns, 412 F.3d 920, 921-22 (8th Cir. 2005) (although pro se litigant suffered extreme family hardship, court did not abuse its discretion in denying request for extension to file response; court merely enforced deadline and even pro se litigants must comply with court rules and directives).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

_____

[1]The Honorable Audrey R. Evans, Chief Judge, United States Bankruptcy Court for the Eastern District of Arkansas.