# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3509

_____

| | | |
|---|---|---|
| Paris Marshall Wheeler, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Iowa State Penitentiary; Warden Burt; | * | |
| Debbie Nichols; Pradeep Sarswat; | * | [UNPUBLISHED] |
| John Ault; Dr. Raymond Jones; | * | |
| Dr. Noli Mendoza; Dr. Snow; Jerry | * | |
| Commelly; Dr. Satyalu Durga, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 1, 2009
Filed: December 29, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Paris Wheeler brought a 42 U.S.C. § 1983 suit against the Iowa State Penitentiary (ISP) and several of its staff members, as well as several staff members at the Anamosa State Penitentiary (ASP) in Iowa. The district court[1] granted summary judgment for defendants. Wheeler appeals the grant of summary judgment,

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

as well as the denial of his motion for an extension of time to respond to the summary judgment motion.  We deny Wheeler's motion to supplement the record and affirm the judgment of the district court.

After careful de novo review, we conclude that the grant of summary judgment was proper.  As to the ISP defendants, Wheeler failed to exhaust all administrative remedies before filing the instant suit.  See 42 U.S.C. § 1997e(a) (prisoner may not bring § 1983 action with respect to prison conditions before exhausting all available administrative remedies); Jones v. Bock, 549 U.S. 199, 219-20 (2007) (courts may not consider any unexhausted claim).  As to the ASP defendants, we conclude that Wheeler's suit included only official-capacity claims, see Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995) (when complaint is silent about capacity, court interprets complaint as including only official-capacity claims), that any claim for damages was barred by the Eleventh Amendment, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (plaintiff seeking damages in official-capacity suit must look to government entity as real party in interest); Brandon v. Holt, 469 U.S. 464, 471-72 (1985) (suit against government official in his official capacity is in essence suit against employing government entity); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (neither state nor its officials acting in their official capacities are persons under § 1983); Montano v. Hedgepeth, 120 F.3d 844, 849-50 (8th Cir. 1997) (physicians working in state prisons are state actors), and that any claim for injunctive relief was moot, because Wheeler was no longer incarcerated at ASP, see Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).  We also conclude that the district court did not abuse its discretion by denying an extension to respond to the summary judgment motion.  See Soliman v. Johanns, 412 F.3d 920, 921-22 (8th Cir. 2005) (standard of review).

Accordingly, we affirm.

_____