# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1564

_____

Catherynne Whtyefawn Kendrick,     *
                                      *

           Appellant,            *

                                 *   Appeal from the United States
          v.                 *   District Court for the Eastern
                                 *   District of Arkansas.

Martin Pope, Classification       *
Administrator, Arkansas Department  *   [PUBLISHED]
of Correction; Pratt, Classification   *
Administrator, Arkansas Department  *
of Correction; Julie Redd,         *
Classification Administrator, Arkansas *
Department of Correction; Shawna   *
Reid, Classification Administrator,  *
Arkansas Department of Correction;  *
Richardson-Beshears, Classification  *
Administrator, Arkansas Department  *
of Correction; Patricia A. Roberts,  *
Classification Administrator, Arkansas *
Department of Correction; Mickey   *
Robertson, Classification        *
Administrator, Arkansas Department  *
of Correction; Santa Clause Runyun, *
Classification Administrator, Arkansas *
Department of Correction; L. K.    *
Sluder, Classification Administrator, *
Arkansas Department of Correction;  *
Jim Smith, Classification        *
Administrator, Arkansas Department  *
of Correction; Judith Steed,      *
Classification Administrator, Arkansas *

Department of Correction; Lori     *
Tacker, Classification Administrator,     *
Arkansas Department of Correction;     *
Janet Tiner, Classification     *
Administrator, Arkansas Department     *
of Correction; Christy Townsend,     *
Classification Administrator, Arkansas     *
Department of Correction; Julia     *
Webber, Classification Administrator,     *
Arkansas Department of Correction;     *
Pam Wilson, Classification     *
Administrator, Arkansas Department     *
of Correction; Leslie H. Zomant,     *
Classification Administrator, Arkansas     *
Department of Correction; Kathleen     *
M. Dechant, Classification     *
Administrator, Arkansas Department     *
of Correction; Roy Agee,     *
Classification Administrator, Arkansas     *
Department of Correction; Bobbie     *
Allison, Classification Administrator,     *
Arkansas Department of Correction;     *
Candice Ashby, Classification     *
Administrator, Arkansas Department     *
of Correction; Roger L. Ayers,     *
Classification Administrator, Arkansas     *
Department of Correction; Ronald     *
Bailey, Classification Administrator,     *
Arkansas Department of Correction;     *
Henry Boyce, Classification     *
Administrator, Arkansas Department     *
of Correction; Maggie Capel,     *
Classification Administrator, Arkansas     *
Department of Correction; William     *
Caraway, Classification Administrator,     *
Arkansas Department of Correction;     *
Phillip W. Cargill, Classification     *

Administrator, Arkansas Department * 
of Correction; Bernstein Coleman, *
Classification Administrator, Arkansas *
Department of Correction; *
C. Corrington, Classification *
Administrator, Arkansas Department *
of Correction; Judy Taylor, *
Classification Administrator, Arkansas *
Department of Correction; June *
Daniels, Classification Administrator, *
Arkansas Department of Correction; *
Wayland, Classification Administrator, *
Arkansas Department of Correction; *
Jeff Deen, Classification Administrator, *
Arkansas Department of Correction; *
Linda Dixon, Classification *
Administrator, Arkansas Department *
of Correction; Amanda C. *
Dutton-Jackson, Classification *
Administrator, Arkansas Department *
of Correction; Linda Dykes-Cullum *
Classification Administrator, Arkansas *
Department of Correction; Stephanie *
England, Classification Administrator, *
Arkansas Department of Correction; *
Nurzuhal Faust, Classification *
Administrator, Arkansas Department *
of Correction; Cherry Garrett, *
Classification Administrator, Arkansas *
Department of Correction; James *
Gibson, Classification Administrator, *
Arkansas Department of Correction; *
William Jones, Classification *
Administrator, Arkansas Department *
of Correction; Wendy Kelley, *
Classification Administrator, Arkansas *
Department of Correction; Crystal *

Lavender, Classification Administrator, *
Arkansas Department of Correction; *
John Maples, Classification *
Administrator, Arkansas Department *
of Correction; Deborah Masters, *
Classification Administrator, Arkansas *
Department of Correction; Larry *
May, Classification Administrator, *
Arkansas Department of Correction; *
P. McCoy, Classification *
Administrator, Arkansas Department *
of Correction; S. E. McCrory, *
Classification Administrator, Arkansas *
Department of Correction; Sonya *
Whitefield McGinnis-Douglas, *
Classification Administrator, Arkansas *
Department of Correction; Larry *
Norris, Classification Administrator, *
Arkansas Department of Correction; *
Dexter Payne, Classification *
Administrator, Arkansas Department of *
Correction; Petit, Classification *
Administrator, Arkansas Department of *
Correction; Kathy Pirano, *
Classification Administrator, Arkansas *
Department of Correction; *
                                       *
          Defendants,                  *
                                       *
Lavonda K. Donavion, Sgt.,             *
McPherson Unit, ADC; Sara E.           *
Martin, Corporal, McPherson Unit,      *
ADC,                                   *
                                       *
          Appellees.                   *
                                       *
                                       *

Bobby Coleman, Classification     *
Administrator, Arkansas Department of   *
Correction; C. Compton, Classification   *
Administrator, Arkansas Department of   *
Correction,                              *
                                      *
         Defendants.             *

_____

Submitted: August 15, 2011
Filed: March 1, 2012

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.


Arkansas inmate Catherynne Whtyefawn Kendrick appeals following the district court's disposition of her claims against Sergeant Lavonda K. Donavion, the sole remaining defendant in this 42 U.S.C § 1983 action. Upon careful review, we conclude that Kendrick administratively exhausted her constitutional claims arising from the confiscation of her Catholic Bible, rosary beads, and other religious materials during a November 2007 cell shakedown, and the subsequent failure to return these items. We also conclude that – on the present record – trialworthy issues exist on these claims. See Montin v. Estate of Johnson, 636 F.3d 409, 412 (8th Cir. 2011) (summary judgment standard of review); King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir.), cert. denied, 131 S. Ct. 499 (2010) (de novo review of administrative exhaustion).

Accordingly, we reverse as to the claims against Donavion, and we remand for further proceedings consistent with this opinion. We also grant appellee Corporal Sarah E. Martin's motion to dismiss; we deny Kendrick's motion to "reinstate"

Martin; and we deny Kendrick's remaining motions for relief, which in part raise claims and allegations that can be addressed on remand.

COLLOTON, Circuit Judge, concurring in part and dissenting in part.

The district court, adopting a fourteen-page report and recommendation of a magistrate judge, dismissed Catherynne Kendrick's claims against Sergeant Lavonda Dunavion of the Arkansas Department of Corrections ("ADC"). During the relevant period, Kendrick was housed in punitive segregation at an Arkansas correctional facility due to violations of prison disciplinary rules. "After a lengthy procedural history, the District Court narrowed Kendrick's numerous claims against multiple defendants to two claims against one defendant: 1. That Dunavion destroyed her Catholic Bible; and 2. confiscated her rosary beads." Appellant's Supplemental Br., at *v*. Kendrick claims that Dunavion's actions violated Kendrick's constitutional right to the free exercise of religion under the First and Fourteenth Amendments.

The district court dismissed the claim concerning confiscation of a Catholic Bible without prejudice for failure to exhaust administrative remedies. The court dismissed the claim concerning rosary beads with prejudice on the merits. The majority summarily reverses the judgment of the district court with no meaningful explanation. I would affirm.[*]

Before filing suit under 42 U.S.C. § 1983, an inmate must exhaust all available remedies. 42 U.S.C. § 1997e(a). If a claim is not exhausted, then the district court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The district court correctly ruled that Kendrick did not properly exhaust her claim about confiscation of a Catholic Bible. Dunavion presented evidence that

[*]I concur in the court's resolution of the pending motions.

Kendrick did not exhaust the grievance remedies available to her within the correctional system. R. Doc. 428-7. The only pertinent evidence cited by Kendrick in the district court, *see* R. Doc. 438, at 6, was a grievance form that complained about the confiscation of four items, none of which was a Catholic Bible. R. Doc. 437-2, 437-3. The district court thus correctly concluded that the Catholic Bible claim was not exhausted. On appeal, Kendrick submits for the first time two grievance forms that refer to a Catholic Bible. Appellant's App. Exh. 2-C-1, 2-D-1. These documents were not presented in the district court, and they thus cannot establish error in the district court's exhaustion ruling. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *Griffin v. Super Valu*, 218 F.3d 869, 871 (8th Cir. 2000) ("We do not consider as part of the record . . . documents upon which [appellant] attempt to rely that were not before the district court."). The new documents, moreover, show only that Kendrick completed the first two steps of the three-stage grievance process, not that she exhausted all available remedies. *See* R. Doc. 428-7, at ¶ 5, 437-1. The district court's dismissal without prejudice should be affirmed.

On Kendrick's second claim, the court concludes that there is a "trialworthy issue[]" on her contention that Dunavion violated Kendrick's constitutional rights by denying her access to rosary beads while in punitive segregation. But even assuming there is a disputed issue of fact about whether Dunavion (as opposed to another correctional officer) confiscated Kendrick's rosary beads, there is no point in conducting a trial to resolve that factual dispute if Dunavion is entitled to judgment as a matter of law. Despite ordering supplemental briefs on the dispositive legal question, the majority inexplicably declines to address it.

The district court's judgment should be affirmed, because Dunavion's alleged confiscation of rosary beads did not violate the Constitution and, at a minimum, Dunavion is entitled to qualified immunity—which is both a defense to liability *and* an entitlement not to stand trial or to face the other burdens of litigation. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945-46 (2009). ADC policy forbids an inmate in punitive

segregation to possess any item, including rosary beads, that could be wrapped around the neck to commit suicide. Appellee's App. 32, 42, 73. Assuming that this policy burdened Kendrick's right to exercise her religion, the policy is reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987).

There is a "valid, rational connection," *id*., between the prison policy forbidding possession of property that could facilitate suicide and the State's legitimate interest in security and safety in the prison. *See Hall v. Bellmon*, 935 F.2d 1106, 1113 (10th Cir. 1991) (affirming district court's conclusion that prison regulations prohibiting inmates from possessing "items that can be worn around the neck, including religious items, were, on their face, reasonably related to the legitimate penological interests in . . . preventing suicide attempts."). Kendrick identifies no alternative policy that would fully accommodate her rights "at *de minimis* cost to valid penological interests." *Turner*, 482 U.S. at 91. Accommodating Kendrick would require correctional officers to devote limited resources to monitoring a safety risk that the policy otherwise eliminates. *See* Appellant's Br. 5 (proposing that a guard could check on inmates hourly). Kendrick has alternative means of exercising her religion while in punitive segregation: She is free to pray the rosary without the beads and to use another method to keep track of the prayers. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351-52 (1987) (upholding prison policy as reasonable, even though it prohibited one form of religious observance, because inmates could participate in other religious ceremonies); *Murphy v. Missouri Dept. of Corr.*, 372 F.3d 979, 983 (8th Cir. 2004) ("A prisoner need not be afforded [her] preferred means of practicing [her] religion as long as [she] is afforded sufficient means to do so."). There is no need for a trial to resolve factual disputes about the reasonableness of the prison policy as a matter of constitutional law.

At a minimum, Dunavion is entitled to qualified immunity. It was not clearly established in 2007 that her enforcement of the ADC policy violated the First Amendment. Even assuming there is room for debate about whether the policy was

reasonably related to legitimate penological objectives, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011) (internal quotation omitted). An objectively reasonable correctional officer in Dunavion's position could have believed that her enforcement of a policy that prohibited possession of rosary beads in punitive segregation was constitutional. *See Hall*, 935 F.2d at 1113 (holding that prison policy barring Native American inmate from wearing a bear tooth necklace and medicine bag around his neck due to security concerns, including risk of suicide, did not violate First Amendment); *Friend v. Kolodzieczak*, 923 F.2d 126, 128 (9th Cir. 1991) (holding that prison regulation prohibiting inmates from possessing rosary beads in cells did not violate First Amendment). Dunavion is therefore entitled to immunity from liability, and also to avoid the burdens of litigation and trial that the majority opinion imposes.

——————————————————