# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1632
_____

Robert O. Diggs,

*Plaintiff - Appellant,*

v.

Sheriff Jim Arnott; Administrator Tim Smith; Harold Bengsch; John I. Doe; John 2 Doe; John 3 Doe; Corporal Jones; Officer Taylor; Sergeant Murphy,

*Defendants - Appellees,*

------------------------------

Robert O. Diggs,

*Plaintiff - Appellant,*

v.

Greene County Justice Center; Sheriff Jim Arnott; Tim Smith; Harold Bengsch; Jim Viebrock; John(1-6) Does; Sartor; Officer Nay; Joe Mystrik; Lt. Danny; Captain Clayton; Joe Hutchtion; Sgt. Canter; Greene County; Lieutenant Howell; Lieutenant Mahy; Corporal Herman; John 1 Doe; John 2 Doe; John 3 Doe; John 4 Doe; John 5 Doe; John 6 Doe,

*Defendants - Appellees,*

------------------------------

Robert O. Diggs,

*Plaintiff - Appellant*,

v.

Sheriff Jim Arnott; Tim Smith; Kenneth Clayton; Howell; Officer Nay;
Commissioner Harold Bengsch; Commissioner Jim Viebrock; St. Clair, Officer,

*Defendants - Appellees*.
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: March 12, 2014
Filed: April 24, 2014
[Unpublished]
_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.
_____

PER CURIAM.

In this appeal, Robert Diggs challenges the district court's[1] adverse grant of summary judgment disposing of his three consolidated 42 U.S.C. § 1983 complaints, and he challenges two adverse district court orders related to a motion he filed seeking a third extension of time to file a summary judgment response.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

We first conclude that the district court did not abuse its discretion in denying Diggs's third motion for an extension of time to file a summary judgment response, or in denying his post-judgment motion for reconsideration of that denial. See Soliman v. Johanns, 412 F.3d 920, 921 (8th Cir. 2005) (district court's denial of request for extension to file summary judgment response reviewed for abuse of discretion); Griffin v. Super Valu, 218 F.3d 869, 870-71 (8th Cir. 2000) (absent abuse of discretion, appellate court will not reverse denial of post-judgment relief).

We further conclude that the district court's summary judgment decision was proper with respect to Diggs's claims asserting constitutional violations related to the Ramadan diet he received as a pretrial detainee.[2] See Fed. R. Civ. P. 56(e)(3) (if party fails to properly address another party's assertion of fact, as required by Fed. R. Civ. P. 56(c), court may grant summary judgment based on motion and supporting materials); Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 982 (de novo review standard); see also Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (prisoners have right to nutritionally adequate food; prison officials are entitled to judgment as matter of law when prisoner presents no evidence that food was nutritionally inadequate or dangerous to prisoner's health).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

---

[2]None of the remaining claims in Diggs's complaints have been meaningfully argued on appeal. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (claim not meaningfully argued in opening brief is waived).