**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2016*
Decided July 1, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-3503

| | |
|---|---|
| TERRENCE BUCHANAN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 12-cv-408-wmc |
| JONATHAN WEAVER, *Defendant-Appellee*. | William M. Conley, *Chief Judge*. |

## O R D E R

Terrence Buchanan's suit against police officer Jonathan Weaver—over alleged violations of his civil rights during a traffic stop—was dismissed for failure to prosecute after Buchanan twice failed to appear for a pretrial conference and then did not respond to an order to show cause concerning the prospective dismissal. Months later Buchanan moved for relief from that decision under Federal Rule of Civil Procedure 60(b), but his request was denied. He appeals that ruling. We affirm the decision.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In his complaint Buchanan alleged that during the traffic stop he was detained unlawfully while Weaver awaited the arrival of a dog which alerted to the presence of marijuana in his vehicle. Because Buchanan was a Wisconsin prisoner at the time he filed his complaint, the district judge screened it, *see* 28 U.S.C. § 1915A(a), and permitted him to proceed on a claim that his Fourth Amendment rights were violated, *see* 42 U.S.C. § 1983, and on state-law tort claims that his vehicle was converted and that he was falsely imprisoned.

In February 2014 a magistrate judge attempted to conduct a telephonic pretrial conference, but Buchanan did not participate. Weaver's lawyer informed the court that Buchanan recently had been released from prison and might not have been aware of the hearing. The magistrate judge rescheduled the conference for the following month but, in a text order, noted that the case likely would be dismissed if Buchanan failed to call in. The judge sent this order to Buchanan's new address, as supplied by Weaver's attorney, but it was returned as undeliverable. A few days later Weaver's attorney informed the court that he had obtained another address and phone number from Buchanan's probation officer. The day before the rescheduled hearing, however, the order sent to this second address also was returned as undeliverable. The court clerk's office then contacted Buchanan by phone, and Buchanan assured the clerk that he would call in the next day. The court's docket sheet noted that the order was "re-sent to Terrence Buchanan after advising him that he must put his name on his mail box for the postal carrier to deliver mail at his new address."

The following day, however, Buchanan did not call, and, as a result, the district judge ordered him to show cause for why his suit should not be dismissed. This order, too, was returned as undeliverable, and a docket entry notes that Buchanan's phone number had been disconnected. After Buchanan did not respond or otherwise contact the court, the district judge in April 2014 dismissed the case for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Five months later, in September 2014, Buchanan notified the district court of his new address and inquired about the status of his case. The clerk's office promptly informed him that it had been dismissed. A month after that Buchanan filed a motion requesting that the case be reopened, contending that circumstances beyond his control had prevented him from contacting the court. Buchanan explained that he had not received the notice of the rescheduled hearing sent to his first address following his release from custody. Although he acknowledged speaking with the clerk and confirming that he would participate in the rescheduled conference, he said that his cell

phone's battery had run out and he did not have a charger. He also said that he had written a letter to the court explaining what happened but could not afford a stamp to mail it. And then, Buchanan added, he was arrested before he got a chance to deliver the letter in person. After the arrest, he said, he tried contacting the court by mail in April or May 2014 but inadvertently used an incorrect address. When he discovered the mistake, he finally was able to contact the court in September.

Construing Buchanan's motion as seeking relief due to "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), the district judge concluded that Buchanan had not shown "exceptional circumstances" meriting this relief. The judge noted that the span between the dismissal and Buchanan's motion (March to October 2014) was substantial and thus carried the risk that vacating the judgment would prejudice Weaver. And the judge was not swayed by Buchanan's reasons for that delay. Buchanan's assertion that his phone ran out of power before he could call the court did not explain why he could not have taken steps to avoid this scenario. Although the judge allowed that some of the circumstances related to Buchanan's arrest and incarceration were out of his control, he said that Buchanan could have called the court at some point to explain why he missed the conference but never did so. Also, Buchanan's incarceration did not entirely explain why it took him nearly six months to update his address with the court and then, after discovering that his case had been dismissed, why he had waited yet another month to file the Rule 60(b) motion. The judge concluded that, even if Buchanan had acted in good faith, this fact would not excuse the other circumstances weighing against granting relief. Finally, the judge stated that the magistrate judge had warned Buchanan that he faced dismissal and Buchanan did not assert that he was unaware of the warning.

On appeal Buchanan primarily argues that he did not receive any warnings and thus the district court abused its discretion in dismissing the case. We are not persuaded by this argument because it was Buchanan's failure to provide a suitable means of contact that prevented him from being warned. The district court attempted to warn him twice, in its order rescheduling the preliminary conference and, once he missed that conference, in a formal order to show cause. During this time all efforts to update the court about Buchanan's whereabouts came not from Buchanan but the *defendant*, and even those attempts proved futile. Buchanan was responsible for maintaining communication with the court concerning his suit, *see Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), and he cannot hide behind his own neglect to provide an effective means to contact him about his case. And although we have stated that a court should warn a litigant before dismissing a case for

want of prosecution, this is not a "rigid rule" but rather "a useful guideline to district judges—a safe harbor to minimize the likelihood of appeal and reversal." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 562 (7th Cir. 2011) (quoting *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006)).

Whether or not Buchanan knew that dismissal was at stake, he acknowledged that he knew about the conference, yet it took him until September 2014 to re-establish contact with the district court after missing it. The district court did not abuse its discretion in concluding that it was within Buchanan's control to take steps to ensure that he participated or, at least, to promptly inform the court afterward about the reasons for his inability to call. The court also reasonably determined that Buchanan had waited far too long to ascertain the status of his case after he knew that he missed the conference and to update the court about his incarceration. The court acted within its discretion in concluding that Buchanan did not present the exceptional circumstances required for obtaining relief under Rule 60(b). *See Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009).

Accordingly, the decision of the district court is AFFIRMED.