NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 19, 2019[*]
Decided August 20, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 19-1214

| | |
|---|---|
| TIMOTHY C. PLATT and SONIA E. PLATT, | Appeal from the United States District Court for the Southern District |
| *Plaintiffs-Appellants*, | of Indiana, Indianapolis Division. |
| *v.* | No. 1:18-cv-1455-WTL-TAB |
| UNITED STATES OF AMERICA, DEPARTMENT OF EDUCATION, and EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | William T. Lawrence, *Judge*. |
| *Defendants-Appellees*. | |

## O R D E R

Timothy and Sonia Platt appealed to the district court after a bankruptcy court entered summary judgment against them on their suit seeking to discharge their student-loan debts. The case then languished unprosecuted in the district court for eight

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

months until the judge granted the defendants' unopposed motion to dismiss it for failure to prosecute. Because that decision was reasonable, we affirm.

The Platts filed for bankruptcy protection under Chapter 7 and brought an adversary proceeding against the United States Department of Education. In it they sought to discharge their student-loan debts on the ground of undue hardship. *See* 11 U.S.C. § 523(a)(8). Educational Credit Management Corporation holds an interest in the Platts' loans and intervened as a defendant. *See* FED. R. BANKR. P. 7024; FED. R. CIV. P. 24(a)(2). The bankruptcy judge concluded that the Platts had not provided sufficient evidence of each element required to show undue hardship: (1) paying the loans would push the Platts below a minimal standard of living, (2) their inability to pay was likely to persist, and (3) they had made good-faith efforts to repay the loans. *See Tetzlaff v. Educ. Credit Mgmt. Corp.*, 794 F.3d 756, 758–59 (7th Cir. 2015); *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987).

The Platts appealed in May 2018 to the district court. Shortly thereafter, the judge issued a notice to the parties stating (in underlined font) that "the briefing schedule in this matter shall be in accordance with Federal Rule of Bankruptcy Procedure 8018." This rule required the appellants to file their brief within 30 days after the record was docketed in the district court. FED. R. BANKR. P. 8018(a)(1). The record was transmitted to that court and docketed on June 8.

Nothing happened in the case for five months. At that time, in November 2018, the defendants moved to dismiss the appeal because the Platts had not filed an opening brief or taken any other action. (In the interim, Timothy Platt had filed two other federal lawsuits. *See Platt v. Cmty. Health Network, Inc.*, No. 1:18-cv-02375-RLY-MPB (S.D. Ind.) (filed Aug. 3, 2018); *Platt v. Educ. Credit Mgmt. Corp.*, No. 1:18-cv-02378-TWP-DML (S.D. Ind.) (filed Aug. 3, 2018) (suit against defendant in this case).) The defendants mailed a copy of their motion to the Platts, but it was returned as undeliverable because the defendants had mistyped the Platts' address. The defendants resent their motion (this time to the correct address) and filed an updated certificate of service dated December 4, 2018, in the district court. Six weeks later, the Platts still had not responded to the defendants' motion. Based on the lack of opposition and failure to prosecute, on January 18, 2019, the district judge granted the defendants' motion and dismissed the case with prejudice. The judge reasoned that "dismissal is appropriate given the [Platts'] complete failure to take any action in this case for eight months."

On appeal to this court, the Platts argue that in two respects they received inadequate notice about proceedings in the district court, so the dismissal was

unreasonable. First, they assert that they received no notice that their appeal had been docketed and a briefing schedule had been set. Second, they contend that they were not notified sufficiently about the defendants' motion to dismiss. They observe that the defendants initially sent the motion to the wrong address and, once they mailed it to the correct address, the post office held it for one week because of a one-week vacation hold that the Platts had placed on their mail.

We review for abuse of discretion the district judge's decision to dismiss the Platts' bankruptcy appeal for failing to prosecute their appeal in the district court. *See Telesphere Commc'ns, Inc. v. 900 Unlimited, Inc.*, 177 F.3d 612, 616 (7th Cir. 1999). We see no abuse. With respect to the Platt's contention that they did not receive notice of the briefing order, even if that were true, they, like all parties, must diligently inquire about the status of their cases by checking the court's docket periodically. *See, e.g., Easley v. Kirmsee*, 382 F.3d 693, 697–98 (7th Cir. 2004); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005); *see also Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (pro se litigants must follow rules that apply to counseled parties). When they did not do so, despite the passage of many months during which they were able to come to court to launch two new federal lawsuits, they risked eventual dismissal for failure to prosecute. *See McInnis v. Duncan*, 697 F.3d 661, 663–64 (7th Cir. 2012) (repeated missed deadlines or single nonappearance combined with other instances of violating court orders justified dismissal); *Telesphere Commc'ns, Inc.*, 177 F.3d at 616.

The district court reasonably dismissed the case once the Platts compounded their initial failure to prosecute by not opposing the defendants' motion to dismiss. *See McInnis*, 697 F.3d at 663–64. Their argument that they did not receive notice of that motion is unavailing. The defendants corrected the initial addressing error, and the one-week vacation hold on the Platts' mail explains only one of the six weeks during which they did nothing to respond to that motion. If the Platts had regularly checked the docket (as was their responsibility), or picked up their mail, they would have known from the defendants' motion that, unless they responded, dismissal was a potential consequence of continuing to ignore the case. They therefore had an adequate warning that dismissal was imminent. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006).

The Platts also raise contentions related to the merits of their bankruptcy proceeding, but those arguments are not before us. We have considered the Platts other contentions, but none merits discussion.

The judgment of the district court is AFFIRMED.